1pi 646
4pi 501
4pi 782

DAVIS *v.* WILLIAMS.

(*Jackson.*    April 22d, 1887.)

1. WILL.    *Construction.    Devise creating perpetuity.*

   If by possibility a devise may operate to tie up property and render it inalienable for a period longer than a life or lives in being and twenty-one years afterward, with a fraction of a year added for the term of gestation in cases of posthumous birth, it is void under the rule against perpetuities.

   Cases cited and approved: Booker *v.* Booker, 5 Hum., 508; Franklin *v.* Armfield, 2 Sneed, 305; White *v.* Hale, 2 Cold., 77; Ould *v.* Hospital, 95 U. S., 303.

2. SAME.    *Same.    Merger of estates.*

   Where a life estate and an immediate estate in remainder in the same land unite in the same person, the life estate is merged, and such person is vested with an absolute, fee-simple title.

3. SAME.    *Same.    Devise of rents and profits.    "Heirs."    Power of alienation.*

   A devise of the rents and profits or income of land operates as a devise of the land itself; and if limited to the devisee's life vests in him a life estate in the land, but, if unlimited, it vests in him an absolute fee-simple title to the land, without the use of the "term 'heirs' or other words of inheritance," and notwithstanding the will may confer upon the devisee no express power of alienation.

   Cases cited and approved: Polk *v.* Farris, 9 Yer., 241; Morgan *v.* Pope, 7 Cold., 542.

   (See Code, § 2812 (M. & V.); § 2006 (T. & S.)

4. SAME.    *Same.    Estate of trustees limited to purposes of trust.*

   The estate of a trustee will be limited and controlled by the expressed purposes of the trust, and will terminate when those purposes are accomplished; and, therefore, if a testator devise lands to a trustee to collect rents and pay them over to his children for their lives, and

thereafter to his grandchildren without limitation of time, the trustee's estate will terminate upon the death of all of testator's children, and the absolute legal title to the lands will then vest in the grandchildren.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. W. McDowell, Ch.

Bill for construction of a will.

Craft & Cooper, Clapp & Beard, and L. W. Humes, for Complainant.

T. B. Turley and F. J. Slack for Respondent.

Lurton, J. This case involves the construction of the will of Robert Williams, Sr. It is as follows:

"I do will and devise to my friend, H. E. Garth, of the city of Memphis, Tenn., in trust for the uses and purposes hereinafter expressed, the following named real estate, situated in the city of Memphis, Tenn., to-wit [here follows a description of the realty], with all the improvements on all the aforesaid lots.

"It is my will and desire that the said H. E. Garth, trustee, and his successors shall, at my death, take charge and possession of the said described property and real estate, and rent the same, and

collect the rents and all profits accruing in any manner from said property; and, after paying for all necessary repairs and improvements that may be required to keep said property in good and tenantable condition, and all taxes that may be lawfully imposed upon said property, the said trustee shall pay over the remainder of rents accruing from said property to my son Edward P. Williams, my daughter Mary Lee, my daughter Rebecca Talines, my daughter Winny Davis, and my daughter Margaret Williams, equal portions to each.

"At the death of either of my said children, it is my will that the child or children of such one dying shall receive the part or portion of said rents and profits that their father or mother was entitled to under this will; and should any of my said children die without child or children, then, and in that event, his or her share or portion shall be paid over to the survivors in equal portions, and the children of such as may have died leaving issue.

"It is my will and desire that the said H. E. Garth, trustee as aforesaid, shall retain and receive from the rents and profits of said property the sum of fifty dollars per month as full compensation for his services in attending to the execution of this will, he having agreed to accept the trust upon these terms. This done 8th day of April, 1878."

For the complainants, who are the children of

the testator, it is insisted that under this will there is carved out of this property—first, an equitable life estate for the children of the testator; secondly, an equitable life estate for the grandchildren of the testator, and that he has died intestate as to the remainder.

For the grandchildren it is contended that the property devised vests absolutely in the grandchildren after the life estate of the children. If the first contention be the true construction of the will, to-wit: that an equitable life estate for the grandchildren follows upon an equitable life estate for the children, then the will would clearly violate the rule against perpetuities. A devise by which property is tied up and made inalienable beyond the period within a life or lives in being and twenty-one years, with a fraction of a year added for the term of gestation in cases of posthumous birth, is void as creating a perpetuity. *Booker* v. *Booker*, 5 Hum., 508; *Franklin* v. *Armsfield*, 2 Sneed, 305; *White* v. *Hale*, 2 Cold., 77.

"There may be such an interval of time possible between the gift and the consummation of the use as will be fatal to the power. The rule of perpetuity applies as well to trust as to legal estates. The objection is as effectual in one case as in another. If the period may elapse before what is to be done can be done, the consequence is the same as if such must inevitably be the result. Possibility and certainty have the same effect." *Ould* v. *Hospital*, 95 U. S., 303.

If, then, it be assumed that this will gives to the grandchildren the rents and profits of the property devised, limited to their lives, and following after the estate given to the children, it is not only possible but very probable that the two life estates thus created and following one upon the other might, by the birth of grandchildren after the death of the testator, continue for a period beyond a life or lives in being and twenty-one years and a fraction, and thus, under the rule against perpetuities, the devise to the grandchildren would be void. Another result would follow: the remainder, after the termination of the estate for life given the children, not being disposed of, it would necessarily be inherited by the children. The estate for life and the remainder estate uniting in the same persons would result in a merger of the lesser estate with the greater, and the estate of the children would become an absolute one. 1 Washburn on Real Property, Sec. 113.

The assumption, then, that the will gives to the grandchildren nothing but an estate for life works the utter destruction of the will of the testator. Undoubtedly, if it be clear that the testator intended, and by apt words did, limit his devise to the grandchildren to the rents and profits *for life only*, then all the consequences of an abortive testament must be declared. But does the will bear the construction contended for? Has the testator failed to devise the fee? It is a cardinal principle of the law of real estate that a devise of the

rents and profits or the income of the land is equivalent to a devise of the land itself. 3 Washburn on Real Property, 529, 530; *Polk* v. *Farris*, 9 Yerg., 241; *Morgan* v. *Pope*, 7 Cold., 542.

Such a devise is equivalent to a devise of the land for life or in fee, according to the limitation expressed in the will. 3 Wash. on Real Property, 387, 388, 456.

The devise of the rents and profits to the children is expressly and unequivocally limited to an estate for life. This limitation is clearly expressed, and by no sort of intendment can the estate they take be enlarged. But how is it as to the devise to the grandchildren? The very able counsel for the children argue that "the very same words which define that life estate [the one given the children] are used to define the estate of the grandchildren, *except that the estate of the grandchildren is made to follow the estate of the children, and beyond the grandchildren there is no limitation.*" This very difference which he points out is what gives to the grandchildren the fee. There is no limitation as to the time the grandchildren shall enjoy the rents and profits, and there is no express disposition made of rents and profits beyond the grandchildren. Under the Code the use of the word "heirs" is unnecessary to carry the fee. Hence, a devise of the rents, profits, and income of land without any limitation carries the fee. But it is insisted that while there may be no express limitation upon the devise to the grandchildren,

yet that the purpose of the testator is shown by the absence of any power of alienation in the devise to them. Power of alienation is not expressly withheld, and it is only implied from the fact that the devise is of the rents. This will not answer. For if sound, then a devise of rents and profits would not be equivalent to a devise of the land, a result which would be hostile to all the authorities. The presumptions are always in favor of, rather than against, the power of alienation. That the estate is devised to a trustee is not of any great significance. This was for the purpose of preserving the remainder for the grandchildren. The broadness of the devise to the trustee is unimportant; for it is a familiar law that the estate of the trustee will be limited to the purposes of the trust, and will altogether cease when the trust is accomplished. In this case the trust will cease upon the termination of the life estate given to the children, and the absolute title will vest in the grandchildren.

Other criticisms are made upon the devise to the grandchildren as indicating a purpose to limit the gift to the grandchildren to a gift for life only. We do not deem it necessary to answer them further than to say that the broad distinction between the devise to the children and that to the grandchildren is that, in the first case, there is a clear and unmistakable limitation, while in the other there is no such limitation. "The grant of the rents is to be construed just as if it was a grant

of the land itself; if no limitation is expressed or restriction attached, it is in fee."

We are, therefore, of the opinion that the devise to the grandchildren is of the fee, unlimited and absolute.