LEE *et al. v.* VILLINES *et al.*

*(Jackson.* April Term, 1914.)

1. **WILLS.** **Construction.** **"Survivors."**

Testator bequeathed certain real property to a trustee, to collect the rents and apply the net income to testator's children, and at the death of either of the children the child or children of the one so dying should receive the portion of the rents and profits that their father or mother enjoyed under the will, and should any of testator's children so specified die without child or children, then his or her portion should be paid to the "survivors" in equal portions and the children of such as may have died leaving issue. *Held,* that such clause was divisible into two parts, the first providing for the vesting of the fee in each portion of testator's estate held by his trustee for either of testator's children in the event of the death of of his children leaving a surviving child or children, in which event such surviving grandchild or grandchildren took *per stirpes* that part of the estate to the use of which the deceased parent had been entitled for life, and the second part providing for the vestiture of the fee in each portion of the estate so held in the event either of testator's children died without child or children surviving, in which event the fee vested *per stirpes;* the word "survivors" being used to mean, not only testator's children who survived, but also children of such children as had theretofore died leaving children surviving them. *(Post, p.* 629.)

Cases cited and approved: Davis v. Williams, 85 Tenn., 646; Porter v. Lee, 88 Tenn., 783.

2. **WILLS.** **Construction.**

Under such clause, on the death of either of testator's children, the trust ceased as to the share of such children, and the absolute fee vested in the remaindermen. *(Post, p.* 630.)

Case cited and approved: Davis v. Williams, 85 Tenn., 646.

129 Tenn. 40

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— F. H. HEISKELL, Chancellor.

MAIDEN & MAIDEN, and WATSON & PERKINS, for plaintiffs.

GEORGE HARSH, W. P. ARMSTRONG, and JULIAN C. WILSON, and JEFF McCARN, for defendants.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This case is before us on three separate petitions for *certiorari*, drawing into question as many different phases of a decree rendered by the court of civil appeals, construing the last will and testament of Robert Williams, deceased. A copy of the will in full is as follows:

"I, Robert Williams, Sr., a citizen of the town of Grenada, State of Mississippi, being of sound mind and good health, do make and publish this, my last will and testament, revoking and annulling all others.

"Item 1. I do will and devise to my friend, H. E. Garth, of the city of Memphis, Tennessee, in trust for the uses and purposes hereinafter expressed, the fol-

lowing named real estate, situated in the city of Memphis, Tennessee, to wit: [Here follows a description of the property] with all the improvements on all the aforesaid lots.

"It is my will and desire that the said H. E. Garth, trustee, and his successors shall, at my death, take charge and possession of the said described property and real estate, and rent the same, and collect the rents and all the profits accruing in any manner from said property; and, after paying all necessary repairs and improvements that may be required to keep said property in good and tenantable condition, and all taxes that may be lawfully imposed upon said property, the said trustee shall pay over the remainder of rents accruing from said property to my son Edward P. Williams, my daughter Mary Lee, my daughter Rebecca Villines, my daughter Winny Davis, and my daughter Margaret Williams, equal portions to each.

"At the death of either of my said children, it is my will that the child or children of such one dying shall receive the part or portion of said rents and profits that their father or mother was entitled to under this will; and should any of my said children die without child or children, then, and in that event, his or her share or portion shall be paid over to the survivors in equal portions and the children of such as may have died leaving issue.

"It is my will and desire that the said H. E. Garth, trustee as aforesaid, shall retain and receive from the rents and profits of said property the sum of fifty dol-

lars per month as full compensation for his services in attending to the execution of this will, he having agreed to accept the trust upon these terms. This done 8th day of April, 1878.

"Robert Williams, Sen."

This is the third time the above will has been before this court. See *Davis v. Williams,* 85 Tenn. (1 Pick.), 646, 4 S. W., 8, and *Porter v. Lee,* 88 Tenn. (4 Pick.), 783, 14 S. W. 218. In *Davis v. Williams* supra, it was insisted for the complainants that the effect of the will was to carve out of the property of the testator (1) an equitable life estate for the children of the testator, who are mentioned in the will; (2) an equitable life estate for the grandchildren of the testator; and (3) that the testator died intestate as to the remainder in fee. But to this insistence the court replied that such a construction would result in a violation of the rule against perpetuities, and for that and other reasons declined to admit the insistence, and to the contrary held that the devise made by this will of the rents and profits or increase from the land was equivalent to a devise of the land, and that, by this devise, the legal title to the land passed into the trustee in order to preserve the remainder for the grandchildren of the testator; that the legal title in the trustee would cease upon the termination of the equitable life estate created by the will in the children of the testator; and that, upon the cessation of the legal title in the trustee, the absolute and unlimited fee would vest in the grandchildren of the testator.

The clause of the will which we are now called on to construe is as follows:

"At the death of either of my said children, it is my will that the child or children of such one dying shall receive the part or portion of said rents and profits that their father or mother was entitled to under this will; and should any of my said children die without child or children, then, and in that event, his or her share or portion shall be paid over to the survivors in equal portions and the children of such as may have died leaving issue."

The clause in question is divisible into two parts; the first providing for the vestiture of the fee in each portion of the testator's estate held by his trustee for either of his children in the event of the death of either of his children leaving a surviving child or children, in which event it is clear that it was the purpose of the testator that such surviving grandchild or grandchildren should take *per stirpes* that part of the estate to which the deceased parent had been entitled for life. The second part provided for the vestiture of the fee in each portion of the testator's estate held by his trustee for either of his children in the event either of his children should die without child or children surviving, in which event the testator, as we think, also intended stirpital vestiture of the fee to take place, for he said that portion of his estate should go to the "survivors," meaning, as we hold, not only those of his children who survived, but also children

of such children as had theretofore died, leaving children surviving them.

It is also clear from the whole will, and from the particular clause thereof in question, that it was the intention of the testator that, upon the death of either of his children, the power and title of the trustee should cease as to that share or portion of the estate which the trustee had theretofore held for such decedent, and that as to such portion the absolute and unlimited title in fee should vest in the remaindermen as above indicated.

We recognize the equity of the claims of the great-grandchildren of the testator, who are petitioners herein; but we think the language of the will and the former construction of it by this court in *Davis* v. *Williams,* supra, precludes them.

We think the questions made by the other petitioners were all decided against them in *Davis v. Williams,* supra; at all events, we find no merit in any assignment made upon either of the three petitions for *certiorari,* and each of them are accordingly denied at the costs of petitioners and their sureties.