RUSSELL et al. v. JACKSON et al.—113 S. W. (2d), 76.

Middle Section. November 27, 1937.

Petition for Certiorari denied by Supreme Court, February 12, 1938.

White & Leonard, of Knoxville, for complainants Bessie N. Russell et al.

Walker & Hooker, of Nashville, for defendants Mrs. Jackson et al.

CROWNOVER, J. This is a suit seeking the construction of a will and to have determined the question whether the testator, Robert Martin, devised to his three daughters life estates or fee-simple estates in certain property.

The immediate question involved in this suit is what estate one of the daughters, Mrs. Kate Dickinson Martin Nicholson, took in said property, known as the St. Cloud Hotel property, situated in the city of Nashville.

The case was heard on oral evidence by written agreement of the parties as required by the statute. Code 1932, section 10564, as amended by Pub. Acts 1935, chapter 106.

The chancellor found and decreed that Mrs. Kate Dickinson Martin Nicholson took a life estate in a one-third interest in said property, and the fee vested in her children, the complainants, Mrs. Bessie N. Russell and Hunter Nicholson.

The defendants and also the guardian ad litem for the unborn children of Bessie N. Russell and Hunter Nicholson excepted to said decree and appealed to this court and have assigned errors, which raise only the question whether Mrs. Kate Dickinson Martin Nicholson took a life estate or a fee-simple estate in a one-third interest in said property.

Robert Martin, a citizen of Knox county, Tenn., was the owner, in 1859, of what was then called the "St. Cloud Hotel property," now occupied by the Cain-Sloan Company, in Nashville, at the corner of Fifth Avenue North and Church Street.

On January 6, 1859, he leased said property for a period of 99 years at a rental of $2,000 a year to Nathaniel Alloway and V. K. Stevenson. The lease contains the right of renewal on the part of

the lessees for another term of 99 years, and to so continue from time to time forever, upon the same covenants and conditions as are contained in the original lease.

He executed his will in 1872, died soon afterwards, and his will was probated in 1873. That part of his will that conveyed the St. Cloud Hotel property is involved in this suit.

He was survived by his widow and three daughters: Kate Dickinson Martin, who married a Nicholson; Lazinka C. Ewell Martin, who married an Armstrong; and Mary Kennon Martin, who married a White.

Mrs. Martin is dead and the three daughters are now dead. Each daughter left surviving children.

This suit is over the interest of one daughter, Kate Dickinson Martin Nicholson, who died in 1921, and was survived by two children, Bessie Nicholson who married a Russell and Hunter Nicholson.

Robert F. Jackson, Jr., testified at the hearing (August 10, 1937) that Mrs. Kate Martin Nicholson died about the year 1921, leaving two children surviving her, Mrs. Bessie Nicholson Russell and Hunter Nicholson; that Hunter Nicholson is about 60 years of age and Mrs. Russell 55 years of age.

Hunter Nicholson and Mrs. Russell were therefore unborn at the death of the testator.

Mrs. Kate Dickinson Martin Nicholson left a will devising her interest in the St. Cloud Hotel property to Bessie Nicholson Russell.

The original lessees of the St. Cloud Hotel property assigned the lease to others; it has been assigned about fifteen times; it is now owned by Mrs. Mannie B. Jackson and Mrs. Lollie B. Maddox, the defendants.

Bessie N. Russell and husband, E. G. Russell, and their son, Earl Godwin Russell, Jr., and Hunter Nicholson and his two children, Hunter Nicholson, Jr., and Ruth Loring Nicholson, all claiming an interest in this property through Mrs. Kate Dickinson Martin Nicholson, entered into a contract with Mrs. Mannie B. Jackson and Mrs. Lollie B. Maddox, the defendants, by which Mrs. Jackson and Mrs. Maddox, agreed to purchase the interests of the Russells and Nicholsons in said property for $25,000. But Mrs. Jackson and Mrs. Maddox stipulated that a decision of the courts should be first obtained as to who owned the property.

Thereupon, the complainants, the Russells and Nicholsons, filed the original bill in this cause in the chancery court with the result above stated.

The clauses of the will of Robert Martin which devise the St. Cloud Hotel property are as follows:

"Second: I give to my wife, Eliza Llewellyn Martin $600.00 per annum, payable semi-annually during the term of her natural life. This annuity being a special charge upon the property below referred to as the 'St. Cloud Hotel' property in Nashville.

. . .

"Sixth: As to that portion of my property known as the St. Cloud Hotel property situated on the westerly corner of Spring and Summer Streets, Nashville, Davidson County, Tennessee, now in the custody of Carter and Thompson. For further particulars see the articles of agreement in regard to said property, recorded about A. D. 1859 in the Register's Office of said Davidson County. This property is now yielding $2000.00 a year in two equal semi-annual payments of $1000.00 each due April and October 1st of each year, and year after year. I authorize my said wife to collect and receipt for the proceeds of said property as long as she shall live and deducting her annuity of $600.00 a year, $300.00 from each payment. She shall pay over to my three heirs above named, the remainder, dividing each payment equally among the three said heirs or their representatives as provided for hereafter.

"Seventh: The unusual duration of the lease or agreement above referred to is such as to require more particularity than is usual, to prevent alienation by sale or otherwise any such transaction is hereby expressly barred and forbidden at any price less than ten per cent advance on the original cash which was $40,000.00.

"In case a sale shall be made on the above terms, the proceeds are to be divided among the three above named heirs or their offspring, to their sole and separate use, free from the interference or control of their respective husbands.

"Eighth: After the decease of my said executrix, the heirs heretofore recognized are hereby invested with the personal right to collect and receipt each for her own portion of said rent of the said St. Cloud property.

"Ninth: Should one or more of the above named heirs die before marrying, the surviving sisters or sister shall inherit the portion of the deceased. In the event, however, that any of the number marry and die without issue, the husband of the deceased shall be entitled to the portion of his late wife and is hereby entitled to receipt for her portion during his natural life, the same shall then revert to the natural heirs who may survive.

"Nevertheless when offspring shall result from the marriage of any one of the above named legatees, the said offspring shall be considered the heir while it lives, yet should it or they die before the father, he shall have the use of the share during his natural life, the same reverting to the natural descendants under all circumstances.

"Tenth: As the duration of the existing lease is for ninety and nine years renewable forever, but in as much as the article of agreement is silent on the terms of renewal, it is, therefore, my prerogative to propose the terms on which I wish to renew, which are grounded on the provisions of the present lease, which is five per cent on the value, such value having been determined by actual first cost. I am therefore willing to renew at the rate of five per cent on an impartial valuation of the ground made in the year of our Lord 1958 (A. D. 1958). However, in the event the lessee shall have allowed the reversion of said property before the expiration of the existing lease or shall decline to accept the terms here proposed for the renewal, in either event, I hereby direct that the premises be sold judiciously and that under the supervision of the Court having probate jurisdiction for Davidson County, Tennessee, the proceeds thereof be equally divided among my natural descendants provided there are any living at that time.

"Eleventh: Under the circumstances that I am called upon to provide for the adoption of some general rule of procedure is manifest. As heretofore provided, my executrix will receive and receipt for said income from the St. Cloud property during her life time. After her death such of my then heirs named above as are alive and competent, will receive each her own share. After the death of either or all, the proportionate part shall be payable to each heir or descendant. In case of minor heirs, I direct that a guardian or trustee for this purpose, to wit: to collect and distribute said income, be appointed by the Chancery Court of said Davidson County or such Court as shall have probate jurisdiction in said County.

"Twelfth: Because of the prolonged duration of this obligation, it will be prudent to anticipate a contingency which may be realized, even the extinction of my natural descendants, in which event I hereby invest the properly authorized officials of the Methodist Episcopal Church South to take possession and manage the said property, distributing the proceeds as hereinafter directed,—one-third thereof to be applied to assist young men who have given satisfactory evidence of purpose to consecrate their lives to the preaching of the gospel under the guidance of the said Church, one-third to be equally divided between domestic and foreign missionary boards of the said church, while I desire that the remaining third be handed over to the managers of the Protestant Orphans Asylum."

The foregoing language clearly undertakes to create a perpetuity. We think there can be little doubt that this was the testator's intention. The predominant idea seems to be that the income from the property shall go to his descendants in perpetuity.

The testator's intention to give his daughters only life estates in the income of the property is clearly and unmistakably expressed.

■ The limitation ·beyond his grandchildren (Mrs. Bessie N. Russell and Hunter Nicholson) is too remote, and therefore invalid.

"Executory limitations in wills, whether of real or personal estate, in order to be valid, must vest in interest if at all within a life or lives in being and twenty-one years and a fraction thereafter for the term of gestation in cases of posthumous birth." Eager v. McCoy, 143 Tenn., 693, 228 S. W., 709; Yarbrough v. Yarbrough, 151 Tenn., 221, 269 S. W., 36; Brown v. Brown, 86 Tenn., 277, 6 S. W. 869, 7 S. W., 640; Davis v. Williams, 85 Tenn., 646, 4 S. W., 8; Franklin v. Armfield, 34 Tenn., 305, 2 Sneed 305, 306; Bramlet v. Bates, 33 Tenn., 554, 1 Sneed 554; Booker v. Booker, 24 Tenn., 505, 5 Humph. 505.

■ ■ In this case this would be a devise to the unborn child of an unborn child, and therefore invalid. Brown v. Brown, 86 Tenn., 277, 293, 6 S. W., 869, 7 S. W., 640.

■ The fact that some of the limitations are void for remoteness cannot impair the validity of those which may vest. Armstrong v. Douglass, 89 Tenn., 219, 14 S. W., 604, 10 L. R. A. 85; Randolph v. Wendel, 36 Tenn., 646, 4 Sneed 646, 647, 670.

■ A devise for life or lives in being and twenty-one years and the period for gestation is valid, but the limitation over after that period is void; the last parties at the end of the period above named take the fee. 22 Am. & Eng. Ency. of Law, 2d Ed., 708; 3 Thompson on Real Property, sections 2198, 2580 to 2584.

■ ■ Whatever the language may be, if the limitation over must, by the terms of the will, take effect within the lawful period, it is valid. Armstrong v. Douglass, 89 Tenn., 219, 14 S. W., 604, 10 L. R. A. 85.

"Where a vested estate is given distinctly, and there are annexed to it conditions, limitations, . . . or other restraints relative to its use, management, or disposal, that are not allowed by law, it is those restraints and the estates limited on them that are void, and not the principal or vested estate." 2 Washburn on Real Property, 6th Ed., section 1790.

■ ■ A devise of the rents and profits or the income of the land is equivalent to a devise of the land itself. Polk v. Faris, 9 Yerg. 209, 241, 30 Am. Dec., 400; Morgan v. Pope, 7 Cold. 541, 542; Davis v. Williams, 85 Tenn., 646, 4 S. W., 8. Such a devise is equivalent to a devise of the land for life or in fee, according to the limitation expressed in the will. Davis v. Williams, supra.

"A bequest of the 'income' of property or of a business to one

for his natural life does not pass the fund or property from which it is derived, but where there is a gift over of the corpus the first taker has a life estate only." Thompson on Construction of Wills, 580, section 451.

Mrs. Kate Dickinson Martin Nicholson therefore took a life estate only, and the fee vested in Mrs. Bessie N. Russell and Hunter Nicholson, in a one-third interest in the St. Cloud Hotel property. ██ In section 7 of the will Mr. Martin gives his daughters the power of sale of said property, but in sections 9, 10, and 11 he reiterates that they are to have a life estate only.

"Conflicting words must yield to the general intention of the testator as revealed by the entire instrument." Thompson on Construction of Wills, 174, section 95.

"Where two or more clauses in a will are irreconcilably inconsistent and repugnant, the earlier clause or clauses in point of local position must be rejected and the later clause shall prevail as expressing the latest testamentary intention." Thompson on Construction of Wills, 179, section 97; Anderson v. Lucas, 140 Tenn., 336, 204 S. W., 989; Frank v. Frank, 120 Tenn., 569, 111 S. W., 1119.

"The intention of the testator must be ascertained from the language of the will taken as a whole." Thompson on Construction of Wills 60, section 45; page 167, section 95.

██ We hold that a deed executed by Mrs. Bessie N. Russell and Hunter Nicholson to the defendants will convey the fee, as the limitation over to their children is void, and the attempted devise of the property by Mrs. Kate Martin Nicholson is void.

The costs of the cause including the costs of the appeal and the guardian ad litem's fee are adjudged against Mrs. Jackson and Mrs. Maddux and the surety on their appeal bond.

Faw, P. J., and Earle C. Arnold, Sp. J., concur.