BALL *v.* COOTER *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

Rehearing denied January 16, 1948.

CHASE & NEEL, of Johnson City, for appellant, Mrs. Lochie Ball, executrix.

SIMMONDS & BOWMAN, of Johnson City, for appellee T. J. Miller et al.

PRICE & PRICE, of Johnson City, for appellee Christian Orphanage et al.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The original bill was filed by the Complainant as Executrix, against the Defendants as Legatees and Devisees under the will of Callie Dyer, who died a resident and citizen of Washington County, in November 1946. The bill alleges certain doubts as to the disposition of property and the execution of the will, as well as of the duties of the Complainant as Executrix thereunder. Complainant asserts that before the hearing "a certified copy of the will and of her letters testamentary" will be filed. After asking for the appointment of a receiver, the principal relief prayed is:

"(3) That at the hearing of this cause, an order be entered declaring and adjudging what property which the said decedent died seized and possessed of was included and passes under her said will, a well as the rights of the legatees named therein, and the duties of complainant with regard to a proper distribution of the assets of the estate which may come into her hands as the executor thereof.

"(4) That the Court may make all such other and further orders as may be necessary to protect, secure and enforce the rights and equities of all of the interested parties resulting from the execution of said will of the decedent; and complainant prays for all such other, further and different relief as she may be entitled to, and she prays for general relief."

From these prayers of the bill, it is clear that Complainant establishes a right to file the bill only in her capacity of executrix, and that the only relief sought was dependent on the validity of the will to dispose of the estate of Callie Dyer.

In the argument before us, it developed that there was now pending and undecided, a contest, *devisavit vel non*, in the Circuit Court to determine whether or not the in-

strument presented here for construction, was or was not the last will and testament of Callie Dyer. Evidently, with the law case intervening, the Complainant-Executrix could not file a certified copy of the will, nor a copy of her letters testamentary issued under authority thereof. No valid certification of the will or letters could be made until the decision of the law case. Yet, consideration of these documents was an indispensable basis for a decision by the Chancellor of the questions presented.

 Since the interest of the Executrix is wholly dependent upon the establishment of the will, she has at present no interest that justifies her in filing the bill, nor is there "a present controversy" which the Court can finally settle by making the declaration sought. Code sec. 8835; cf. *Sternberger* v. *Glenn*, 175 Tenn. 644, 137 S. W. (2d) 269; *Commerce Union Bank* v. *Gillespie*, 178 Tenn. 179, 191, 156 S. W. (2d) 425. The construction of the document is at present "not justiciable." *United States Fidelity & Guaranty Co.* v. *Askew*, 183 Tenn. 209, 191 S. W. (2d) 533; *Coleman* v. *Henry*, 184 Tenn. 550, 201 S. W. (2d) 686, 687. A judgment in the Circuit Court adverse to the will, would render any decree in this Chancery cause purely theoretical. The Court will make no declaration in such circumstances. *McClung* v. *Elizabethton*, 171 Tenn. 455, 105 S. W. (2d) 95. The declaration must be a final determination of rights and will not be given in aid of another proceeding. *Hodges* v. *Hamblen Co.*, 152 Tenn. 395, 277 S. W. 901; *Nashville Trust Co.* v. *Dake*, 162 Tenn. 356, 36 S. W. (2d) 905; *Miller* v. *Miller*, 149 Tenn. 463, 261 S. W. 965.

For these reasons, Courts in other states have expressly held that a declaration will not be made to construe a will "when another suit is pending on the same problem." Bouchard Declaratory Judgments, Ch. 10,

Wills, p. 514; *Stewart* v. *Herten,* 127 Neb. 88, 249 N. W. 552; *In re Dempsey's Estate,* 288 Pa. 458, 137 A. 170, The case here is not now "ripe" for a declaration. *In re Brown's Estate,* 289 Pa. 101, 137 A. 132.

The appeal was taken from a decree of the Chancellor sustaining a demurrer filed by some of the named Defendants or their representatives. We affirm the action of the Chancellor in sustaining the demurrer for the reasons heretofore stated in this opinion, and the cause is remanded to the Chancery Court for further proceedings consistent herewith. The Complainant will pay the cost of the appeal and the Chancellor may adjudge the costs below in his final decree.

All concur.

## On Petition to Rehear.

Mr. Justice Gailor delivered the opinion of the Court.

Petition to rehear has been filed in which it is insisted that the Court erroneously decided the case on matters dehors the record in that the basis of our original opinion took into consideration that there was now pending in the Circuit Court of Washington County, a will contest to try the issue *devisavit vel non.*

To dispose of this portion of the petition for rehearing it is only necessary to quote the supplemental brief filed by counsel for the petitioner on October 9, 1947, in which he made the following statement:

"Upon the argument of this cause in this Court on October 6th, 1947, Mr. Justice Gailor, about the close of of the argument, inquired whether or not the record shows that there is a suit *devisavit vel non* pending in the Circuit Court to set this will aside, to which counsel for both sides stated that while the record did not so show,

there was in fact such a suit pending, *and that counsel were willing for the Court to take that into consideration in passing upon the case.''* (Italics ours.)

■■ The real basis for the filing of this bill·was to have the Chancellor declare *as a matter of law*, that the will herein was invalid because of its defective execution. Recognizing that the exclusive jurisdiction of will contests is in the Circuit Court, the Chancellor was unwilling to make this declaration and in view of the fact that the bill was filed by one who alleged that she was the Executrix, and was unable to exhibit letters testamentary to prove that fact, and was seeking a construction of a document alleging that it was the last will and testament of Callie Dyer when it could not be certified as such, we think it abundantly clear that the Chancellor did not abuse his discretion in refusing a declaration. The making or refusing of a declaratory judgment is discretionary. *Harrell* v. *American Home Mortgage Co.*, 162 Tenn. 371, 36 S. W. (2d) 888. The making of declarations under the statutes should be exercised with the utmost caution. *Newsum* v. *Interstate Realty Co.*, 152 Tenn. 302, 278 S. W. 56.

■ After the present bill was filed in the Chancery Court, and apparently after the Chancellor's memorandum was filed in which he suggested his lack of jurisdiction and the propriety of the suit at law, the notice of the contest was filed in the County Court. The filing of the contest in the County Court transfers jurisdiction to the Circuit Court, *Lillard* v. *Tolliver*, 154 Tenn. 304, 285 S. W. 576, and the fact that the County Court fails to certify, in accordance with sec. 8103 of the Code, does not affect the fact that exclusive jurisdiction is in the Circuit Court, and the latter Court may, by *certiorari*, compel certifica-

tion of the record. *Wisener & Brown, Executors,* v. *Maupin and Wife,* 61 Tenn. 342.

However, according to the petition for rehearing, counsel for both sides agreed that the lawsuit should be held in abeyance until our decision of this Chancery case. By their agreement, we think for the reasons fully set forth in our original opinion, counsel agreed to put the cart before the horse, and that the agreement should have been to hold the Chancery suit in abeyance until the final determination of the suit at law. If that final determination of the lawsuit is to the effect that the will is invalid, no construction of the instrument will be necessary, and if the will be held valid and there remain matters requiring a declaration by the Chancellor, doubtless, then the pleadings in the present suit may be amended to meet the situation.

We agree with the Chancellor that he had no jurisdiction to determine the validity of the will on the record as it was presented to him on the demurrer, and affirming our former opinion, petition to rehear is denied.

All concur.