Angela WARRICK, Plaintiff–Appellee,

v.

Todd WRIGHT, a/k/a Carl Lewis Wright, Hamilton National Bank of Upper East TN and Tina Renee Ward, Defendants–Appellants.

Court of Appeals of Tennessee,
Eastern Section.

April 21, 1994.

Permission to Appeal Denied by Supreme Court July 21, 1994.

John K. Banks, Elizabethton, for plaintiff-appellee.

John E. Sanders, Jr., Johnson City, for Hamilton Bank of Upper East Tenn. William J. Byrd, Elizabethton, for Todd Wright, a.k.a. Carl Lewis Wright. Donald J. Boarman, Johnson City, for Tina Renee Ward.

## OPINION

McMURRAY, Judge.

Pauline S. Wright, deceased, by will, created a trust for the benefit of her son Jessee Lewis Wright. The will provided that upon the death of Jessee Lewis Wright, the trust would continue for the benefit of her grandchildren. Jessee Lewis Wright died leaving

two surviving children, the appellants, Todd Wright and Tina Renee Ward. The appellant, Hamilton National Bank of Upper East Tennessee is the trustee of the trust. The appellee, Angela Warrick, is a judgment creditor of the beneficiary, Todd Lewis Wright. Appellee filed a declaratory judgment action seeking to subject the assets of the trust held for Todd Lewis Wright to the satisfaction of the judgment against him. After a bench trial, the trial court entered a judgment ordering the trustee to pay over to the Circuit Court Clerk the income accruing on Wright's share of the trust "subject only to that amount reasonably necessary for the support of Carl Lewis 'Todd' Wright." He further ordered that all of the corpus of the trust to be distributed to Carl Lewis "Todd" Wright when he reached age 35 and 40 respectively would be paid over to the Circuit Court Clerk to satisfy the judgment of the appellant. From this judgment this appeal resulted. We reverse the judgment of the trial court.

The appellants state their issues for review as follows:

1. Whether the trial court erred in its interpretation of the provisions in the Last Will and Testament of Pauline S. Wright by permitting a Judgment creditor to reach the income of a spendthrift trust created in said will.

2. Whether the trial court erred in its interpretation of the provisions in the Last Will and Testament of Pauline S. Wright by permitting a judgment creditor to attach the principal of a spendthrift trust in the hands of the trustee prior to distribution.

There are no factual issues to be decided. The resolution of the case is a question of law and rests solely upon the construction of the will. It is, therefore, necessary to set out those portions of the will material to the issues under investigation here. The pertinent parts of the will contain the following provisions:

*ARTICLE IV: TRUST FOR SON*

All the rest, residue and remainder of the property which I may own at the time of death, real, personal and mixed, tangible and intangible, of whatsoever nature and wheresoever situated, including all property which I may acquire or become entitled to after the execution of this Will, including all lapsed legacies and devises and all life insurance payable to my estate (but excluding any property over or concerning which I may have any power of appointment), I bequeath and devise to my Trustee, as hereinafter named, to be held managed and controlled as a trust estate, with all of the rights and powers and subject to the limitations hereinafter enumerated, for the following uses and purposes:

A. If my son, JESSEE LEWIS WRIGHT, survives me, the Trustee shall collect the income from the property comprising the trust estate, and shall remit the net income in monthly or other more convenient installments to my son or apply the same for his benefit, so long as he shall live. In addition to the payment of income, the Trustee, in its sole discretion, may pay to my son such amounts of principal, including all of such principal of the trust property, hereunder, as it may from time to time deem advisable for his health, maintenance and support, taking into consideration the standard of living to which he was accustomed, at the time of my death. In making such principal payments, the Trustee shall take into account other financial resources available to my son.

B. At my son's death or if he predeceases me, the Trustee shall divide the principal of the trust into as many equal shares as there are grandchildren of mine then living and deceased grandchildren of mine leaving issue then surviving (hereinafter referred in this Article individually as "Beneficiary" and collectively as "Beneficiaries").

C. The trustee shall set apart one of the shares as hereinabove divided to be held in trust for the benefit of each Beneficiary then living. The Trustee, in its discretion shall pay to or expend on behalf of such Beneficiary, so much of the net income and principal of his particular trust fund to provide properly for his health, maintenance, education and support, including the cost of housing for the purpose

of assuring that he has the advantage of being reared in a home not inconsistent with that to which he is accustomed at my death. The Trustee may incorporate any income not disbursed into the principal of the trust fund. After each Beneficiary has attained the age of 25 years, the Trustee shall pay to him or apply for his benefit the entire net annual income of his particular trust until he shall attain the age of 35 years, at which time the Trustee shall distribute one half of such trust fund to such Beneficiary in fee. The remainder of such fund shall be retained in trust and the net annual income therefrom shall continue to be paid to such Beneficiary or applied for his benefit until he shall attain the age of 40 years, at which time the Trustee shall terminate the trust fund as to such Beneficiary and distribute the balance of such fund to him in fee.

If any Beneficiary shall die, after a separate trust fund has been set apart for his benefit and before the entire principal of his fund has been distributed to him in fee, such trust fund shall be distributed in equal shares, per stirpes, in fee to his children, if any, and if he has no descendants, then in like manner to the remaining Beneficiaries in equal shares, per stirpes. However, such share distributable to a beneficiary for whom a share is then being held in trust, as hereinabove provided, shall be added to, merged in, administered and disposed of as such other property so held in trust for him.

D. If a Beneficiary is deceased at my death leaving issue then surviving, the Trustee shall divide the deceased Beneficiary's share, as set forth in Subsection B of this ARTICLE, into as many shares as there are issue then surviving and distribute each share to such issue.

## ARTICLE V: BENEFICIARIES UNDER THE AGE OF 25 YEARS.

If any beneficiary shall be under 25 years of age at the time a distribution is required to be made to him under this will, or any trust created hereunder, the share of such beneficiary shall be retained in trust by the Trustee until he attains such age. During such time, the Trustee shall pay to such beneficiary or expend on his behalf so much of the net income and principal of his particular fund as the Trustee may deem advisable for the health, maintenance, education and support of such beneficiary and may incorporate any income not disbursed into the principal of the fund. When each such beneficiary shall attain the age of 25 years, the trust shall terminate as to such beneficiary and the Trustee shall distribute his fund to such beneficiary in fee, or to the estate of such beneficiary if such beneficiary dies before attaining age 25.

## ARTICLE VI: SPENDTHRIFT PROVISION

Neither the principal nor income of any trust created under this will shall be pledged, assigned, transferred, sold or in any manner whatsoever, accelerated, anticipated or encumbered, by any beneficiary, nor shall any income or principal of said trust estate be in any manner subject or liable in the hands of the Trustee for the debts, contracts or engagements of any beneficiary, or be subject to any assignment, or any other voluntary or involuntary alienation or disposition whatever. All distributions of income or principal shall be paid only upon receipt to the beneficiary entitled, or to others for his use and benefit.

■ The rules of construction relating to wills are well-settled. The court should seek to ascertain the intention of the testator. "[T]he cardinal and basic rule in the construction of wills is that the court shall seek to discover the intention of the testator, and will give effect to it unless it contravenes some rule of law or public policy." *Bell v. Shannon*, 212 Tenn. (16 McCanless) 28, 40, 367 S.W.2d 761, 766 (1963); *Stickley v. Carmichael*, 850 S.W.2d 127 (Tenn.1992).

The will under consideration here is clear and unambiguous. It was unquestionably the intent of the testatrix, as shown by the contents of the will and without resort to extrinsic evidence, that:

1. Her son, Jessee Lewis Wright, was to be a lifetime beneficiary under the primary trust created by the will;

2. That the children of Jessee Lewis Wright, i.e., appellants, Carl Lewis "Todd" Wright and Tina Renee Ward were remaindermen beneficiaries taking after the death of Jessee Lewis Wright and thus entitled to the income as their needs required until age 25 and then to the entire net income upon reaching age 25;

3. That upon reaching the ages of 35 the remaindermen beneficiaries were to receive one-half of the corpus of the trust and upon reaching 40 they were to receive the remaining corpus of the trust and the trust would terminate;

4. That the issue of the remaindermen beneficiaries, if any, were to be contingent beneficiaries, taking only in the event the remaindermen beneficiaries or either of them died before the trust was terminated by distribution of the corpus;

5. That if a contingent beneficiary should die before reaching age 25, his share would be paid to his estate; and

6. That if any of the contingent beneficiaries were under the age 25 at the time a distribution was to be made to him, such beneficiary's share would remain in trust until he reached age 25. Upon, reaching age 25, his share would be distributed to him in fee.

■ The trusts created by the will cannot be said to be a simple or dry trust. "It is a simple or dry trust, when property is vested in one person in trust for another, and the nature of the trust, not being prescribed by the donor, is left to the construction of law. In such case the cestui que trust is entitled to the actual possession and enjoyment of the property, and to dispose of it, or to call upon the trustee to execute such conveyance of the legal estate as he directs. In short, the cestui que trust has an absolute control over the beneficial interest, together with a right to call for the legal title, and the person in whom the legal title vest's is a simple or dry trustee." 2 Perry on Trusts, 6th Ed., sec. 520. . . . *Daugherty v. Daugherty,* 784 S.W.2d 650 (Tenn.1990).

■ Our next inquiry is whether or not the trusts thus created are "spendthrift trusts" as those terms are commonly used in this jurisdiction. Spendthrift trust have been long recognized in Tennessee. *See Jourolman v. Massengill,* 86 Tenn. 81, 5 S.W. 719 (1887) which appears to be the leading case in this state. In *Jourolman,* the court construing §§ 5026 and 5027, Code of Tennessee (Now, as amended, codified in T.C.A. § 26–4–101(a)) said:

We can put no other meaning upon this legislation than that it is not in the power of a court of equity to subject to the satisfaction of the demands of a creditor the income of a trust fund, whether the fund or property be realty or personalty, where such trust was created by one other than the debtor.

*Jourolman,* at page 732.

■ Spendthrift trusts are valid in Tennessee. *Davis v. Mitchell,* 27 Tenn.App. 182, 178 S.W.2d 889 (1943). However, "a fundamental predicate for application of [Tenn. Code Ann. § 26–4–101] is that there shall be (1) a trust, and (2) an active trust." *Sternberger v. Glenn,* 175 Tenn. 644, 649, 137 S.W.2d 269, 271 (1940). To create a spendthrift trust, three elements are necessary. (1) The property must have proceeded from another person, (2) it must be held in trust for the debtor, not by him, and (3) the trust must be declared by a will duly recorded or deed duly registered. *Baskin v. Commerce Union Bank,* 715 S.W.2d 350 (Tenn.App. 1986). Further in *Howard v. United States,* 566 S.W.2d 521 (Tenn.1978), Chief Justice Henry speaking for the court said:

Under Tennessee law, it is essential to the creation of a spendthrift trust that (1) legal title be vested in the trustee, (2) the gift to the donee be of an equitable interest in the income, and (3) the trust be active. *Robertson v. Brown,* 13 Tenn.App. 211 (1931),

*Howard,* at page 525.

In *State v. Nashville Trust Co.* 28 Tenn. App. 388, 190 S.W.2d 785 (1944), we find the following discussion:

Liability of one's property for his debts was regarded at common law as a necessary incident of ownership. Any attempt-

ed restraint against such liability was void as contrary to public policy and repugnant to the very notion of property. Our statute, Code, § 8197, declares: 'Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all his just debts.' See, also, section 7271. The only exceptions to this general principle of liability are those enacted by the statutes of exemptions and that created under the doctrine of spendthrift trusts.

But the policy which led to the enactment of such statutes is quite different from that under which such trusts are sustained. The former is protection of the debtor and the latter is consideration for the right of the donor or settlor to dispose of his property and control his bounty as he wishes, within the limits allowed by law. *Vines v. Vines,* 143 Tenn. 517, 535, 226 S.W. 1039, 1043. This latter has been debatable ground, has never been accepted in England, and was finally accepted in Tennessee only after much conflict of opinion. *Cf. Turley v. Massengill,* 75 Tenn. 353, and *Hooberry v. Harding,* 78 Tenn. 392, with *Jourolman v. Massengill,* 86 Tenn. 81, 5 S.W. 719. Such a trust must be an active one, declared by will or deed duly recorded, and created by, or the property must have proceeded from, some person other than the beneficiary himself, Code, § 10353. Such a record, being notice to the public, prevents the beneficiary from misleading creditors, or obtaining false credit upon his apparent ownership of the trust property. Thus the real reason for sustaining such a trust is that, as the property in it comes from another, it takes nothing from the beneficiary's creditors. (Citations omitted).

*State ex rel v. Nashville Trust Co.,* at page 790.

■ The conclusion seem inescapable that the trusts established by the will of Pauline S. Wright are "spendthrift trusts" as those terms have become entrenched in the law of this state. Further, we can find no authority, absent statutory intervention, for the action of the trial court in dividing the income

from a spendthrift trust between the beneficiary for "that amount reasonably necessary for the support" of the beneficiary and the remainder to a judgment creditor. We hold that in so doing, the trial court was in error.

■ We likewise find no authority for the action of the trial court in holding that the distributions required to be made to Carl Lewis "Todd" Wright [1] at age 35 and at age 40 respectively, are subject to the claim of a judgment creditor. The distribution of one-half of the corpus of the trust is contingent upon Carl Lewis "Todd" Wright living until 35. The distribution of the remaining one-half of the corpus of the trust is contingent upon his survival to age 40. Hence, it is altogether possible that Carl Lewis "Todd" Wright may never obtain a vested interest in the corpus of the trust to such an extent that it will be distributable to him. Therefore, we find that the trial court's judgment to the contrary is error and in any event premature.

We reverse the judgment of the trial court in all respects and hold that neither the income from the trust payable to Carl Lewis "Todd" Wright nor the principal held for his benefit is, at this time, within the reach of creditors while in the hands of the trustee. Since we believe it to be premature, we decline to decide the issue, relative to the principal, prospectively, *i.e.* will the distributions to be made to the beneficiary at age 35 and age 40 respectively be within the reach of creditors. Such is best left to another day when it is ascertainable that all contingencies have been met.

Costs are assessed to the appellees. This case is remanded to the trial court for entry of a judgment in accordance with this opinion and for collection of costs as provided by law.

SUSANO and SANDERS, JJ., concur.

1. Now age 31.