FILED
10/02/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 19, 2018 Session

IN RE ESTATE OF MATTIE L. METTETAL, DECEASED

Appeal from the Probate Court for Washington County
No. P0956    John C. Rambo, Chancellor

_____

No. E2017-01258-COA-R3-CV

_____

The petitioner, Ray W. Mettetal, Jr., filed a declaratory judgment action seeking to establish that the will of his mother, the deceased Mattie L. Mettetal, directs that the real property devised to him in the will should be administered as part of the estate. Petitioner asked the trial court to declare that the will required the administrator to pay the $40,057.35 in costs and improvements expended by petitioner on the real property out of the residuary of the estate. The court denied petitioner's request. It held that the real property vested immediately in petitioner at the deceased's death, and therefore it was not part of the probate estate for administration purposes. We affirm that decision. We reverse the trial court's order to the extent it directs that attorney's fees, costs, and expenses accrued in a prior appeal to this Court be deducted from petitioner's distributive share of the estate.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court
Affirmed in Part and Reversed in Part; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Harry Curtis Williams, Johnson City, Tennessee, for the appellant, Ray W. Mettetal, Jr.

Rebecca J. Ketchie, Kingsport, Tennessee, for the appellee, Joel A. Conkin, Administrator C.T.A. of the Estate of Mattie L. Mettetal.

Brett A. Cole, Johnson City, Tennessee, for the appellees, Mattie Angelique Phipps and Yvonne M. Rayburn.

**OPINION**

**I.**

At an earlier time, the petitioner was sued by the administrator of the deceased's estate. In the prior suit, the trial court held that, during the deceased's life, the petitioner used his durable power of attorney to make numerous withdraws and purchases from the deceased's accounts for his personal benefit. On appeal of the earlier suit, this Court affirmed. The extent of the petitioner's abuse of his fiduciary power and conversion of the deceased's assets are outlined in this Court's prior decision, in *Conkin v. Mettetal*, No. E2015-141-COA-R3-SV, 2015 WL 9259962 (December 17, 2015) (holding that Dr. Mettetal breached his fiduciary duty and improperly converted the deceased's funds to his benefit and the benefit of his corporation). Audaciously, petitioner now seeks reimbursement from the deceased's probate estate for expenses he unilaterally spent improving and maintaining the real property he wholly inherited.

On December 9, 2009, the deceased died testate. On February 17, 2010, her last will and testament was admitted to probate; Joel A. Conkin was appointed as administrator of the estate. In Item three of the deceased's will, she devised all of her real property, in Washington County, Tennessee, to the petitioner. After the will was admitted to probate, petitioner asked the administrator to have the estate reimburse him for various expenses he expended on the real property he inherited. On March 16, 2010, the administrator wrote the petitioner to inform him that the estate would pay expenses for only four months after the deceased's death, pursuant to applicable law, in exchange for allowing the tangible personal property still in the estate to continue to be stored on the premises. On April 15, 2010, the administrator informed the petitioner that petitioner would be responsible for the utilities and maintenance of the real estate for April and all subsequent months. On March 17, 2011, the administrator wrote petitioner to further advise him that, "[p]ursuant to Tennessee law, the real estate passed to you upon your mother's death and, therefore, at this time, any income received from the rental property is your income and not income of the estate." The administrator informed petitioner that he should report the rental income from the property on his personal tax return.

On October 31, 2011, petitioner filed this declaratory judgment petition. Therein, he requested $40,057.35 for assorted expenses and improvements he unilaterally decided to spend on the real property he inherited. These expenses and improvements included: landscaping labor ($9,200), landscaping materials and repair ($11,957.06), real estate taxes ($16,179.75), insurance premiums ($756), utilities ($1,638.54), and a security system ($324). Petitioner asserts that these expenses were reasonable and necessary for maintenance of the real property. He argues that from February 2002 until the present, he "participated in and supervised the care, maintenance and repair of the [r]eal [p]roperty including the houses, barn, outbuildings and grounds."

-2-

On August 23, 2012, the trial court heard argument on petitioner's declaratory judgment action and the administrator's response. On September 25, 2012, the court entered an order holding that the real property owned by the deceased vested immediately in petitioner upon her death, and that it is therefore not part of the probate estate for administration purposes. Petitioner's request for expenses was denied.

## II.

The following issues are presented for review:

Whether the trial court erred in denying petitioner's request for reimbursement from the estate for certain expenses he expended on the real estate devised to him by the deceased.

Whether the court erred in finding that the respondent's legal fees and costs for opposing an appeal filed by petitioner in a related case were chargeable against the distributive share of petitioner.

## III.

A declaratory judgment proceeding is proper for resolving disputes as to the interpretation or construction of wills. *Daugherty v. Daugherty*, No. C.A. 145, 1987 WL 5338, at *1 (Tenn. Ct. App. Jan. 16, 1987); *Sternberger v. Glenn*, 175 Tenn. 644, 137 S.W.2d 269 (1940). This Court discussed the standard of review to be applied in cases involving the construction of a will in *Horadam v. Stewart*:

The construction of a will is a question of law for the court; therefore, we review the trial court's conclusions of law *de novo* affording them no presumption of correctness. In cases involving the construction of wills, the cardinal rule "is that the court shall seek to discover the intention of the testator, and will give effect to [that intent] unless it contravenes some rule of law or public policy." Furthermore, in will construction cases, we rely on the language of the instrument to determine the testator's intent:

[T]he testator's intention must be ascertained from "that which he has written" in the will, and not from what he "may be supposed to have intended to do," and extrinsic evidence of the condition, situation and surroundings of the testator himself may be considered only as aids

-3-

> in the interpretation of the language used by the testator, and "the testator's intention must ultimately be determined from the language of the instrument weighed in the light of the testator's surroundings, and no proof, however conclusive in its nature, can be admitted with a view of setting up an intention not justified by the language of the writing itself."

(Internal citations omitted). ***Horadam v. Stewart***, M2007–00046–COA–R3–CV, 2008 WL 4491744, at \*5 (Tenn. Ct. App. Oct. 6, 2008), Rule 11 appl. perm. appeal denied April 27, 2009.

## IV.

We first consider whether the deceased intended the real property inherited by petitioner to be administered as part of her estate. As previous noted in this opinion, in will construction cases, we rely on the language of the instrument to determine the testator's intent. *See **In re Estate of Schubert***, 2015 Tenn. App. LEXIS 552 (July 15, 2015). In this case, the parties' disagreement centers on how Items Three and Seven of the deceased's will are to be interpreted in light of one another. Petitioner argues that the plain language of Items Three and Seven of the will, when read in conjunction, dictate that the real property is to wholly vest in petitioner, but that it is first to be administered as part of the probate estate. He argues that all expenses regarding the maintenance and improvement of the real estate must therefore be paid out of the probate estate.

Tenn. Code Ann. § 31-2-103, which controls the vesting of real property following a death, provides in pertinent part:

> [T]he real property of an intestate decedent shall vest immediately upon death of the decedent in the heirs as provided in § 31–2–104. The real property of a testate decedent vests immediately upon death in the beneficiaries named in the will, unless the will contains a specific provision directing the real property to be administered as part of the estate subject to the control of the personal representative.

Tenn. Code Ann. § 31-2-103 (2018). Item Three of the deceased's will states in pertinent part that:

> [I] give, devise and bequeath all real estate owned by me at the time of my death located in Washington County,

-4-

Tennessee, including but not limited to my home and rental house and approximately twenty-two (22) acres upon which they are situated to my son, Ray Mettetal, Jr., if he shall survive me by a period of thirty (30) days.

Petitioner in fact survived the deceased by more than thirty days, and therefore he inherited the real property, in Washington County, Tennessee. In Item Seven C of the will, which outlines powers of the administrator, it states in pertinent part that:

[A]ny real property which I own at my death is to be a part of my probate estate and treated as forming part of my personal estate for administrative purposes.

In reviewing the above provisions and attempting to ascertain the intent of the testator, administrator relies on this Court's discussion in *In re Estate of Schubert*, 2015 Tenn. App. LEXIS 552. Therein this Court was asked to determine when real property owned by the decedent vested in the beneficiary. In making its decision, this Court discussed terms commonly used in testamentary instruments to convey the testator's intent in devising real property. This Court held that the words "be given," when used in the Ms. Schubert's testamentary instrument, indicated that further action needed to be taken for the property to vest; the real property was to be "given" to the beneficiary as part of his share of the estate. In so holding, the Court noted that when a testator adds additional language, such as "devise" and "bequeath," it indicates the testator's intent that no further action is to be necessary for the property to vest. *See Id.*

Enlightened by the above discussion, in the present matter, unlike the testamentary instrument in *In re Estate of Schubert*, Item Three of the deceased's will includes the bequeathing terms "devise" and "bequeath." We hold that these terms, as used in Item Three of the deceased's will, indicate the deceased's desire to have the property located in Washington County, Tennessee vest immediately in petitioner at her death. No action was required of the estate for that property to vest in petitioner. Item Seven serves to empower the administrator with the ability to dispense with any additional real property that the deceased may have owned at her death – i.e. real property other than the real property in Washington County, Tennessee specifically left to petitioner.

The conduct of the petitioner before and after the deceased's death further supports the above will construction. The record reflects that petitioner has exercised complete control over the real property devised to him since the deceased's death. He lives in the primary residence. He negotiated and entered into leasing agreements allowing tenants to occupy other buildings on the property. He has retained all of the rental income for himself – a sum in excess of $55,000. Furthermore, on December 11, 2014, while the estate was still open, he executed a quitclaim deed for the real property from himself to himself, and had the deed recorded. Then, on November 3, 2015, he

executed an Open End Deed of Trust pledging the property to secure a loan from First Tennessee Bank with a maximum indebtedness of $400,000. Respondent argues that petitioner is accordingly estopped from asserting the property did not immediately vest, because

> [t]he Administrator (on behalf of the estate) and First Tennessee Bank relied on Dr. Mettetal's ownership of the property to their detriment by allowing Dr. Mettetal to live on the property, paying four months of expenses in exchange for storage space on the property, forbearing from demanding rental income from the property, and accepting the property as security for a $400,000 loan.

We agree and affirm.

## V.

In *Conkin v. Mettetal*, No. E2015-141-COA-R3-SV, 2015 WL 9259962, an appeal from the Chancery Court for Washington County, Civil Action No. 41871, the administrator requested an award of attorney's fees and expenses in the amount of $16,356.16 for services necessitated by the appeal. This Court declined to award the requested attorney's fees and expenses against the current petitioner, because the administrator failed to cite legal authority supporting the request. *See Conkin v. Mettetal*, No. E2015-141-COA-R3-SV, 2015 WL 9259962 (Tenn. Ct. App. Dec. 17, 2015). The administrator filed a petition for rehearing on the issue of attorneys' fees and expenses. On February 8, 2016, this Court denied the petition. On June 23, 2016, the application for permission to appeal was denied by our Supreme Court.

On September 6, 2016, the administrator filed his petition with the trial court for approval of the executor and attorney's fees, costs, and expenses he incurred representing and administering the estate. In that petition, administrator again asked that the fees he accrued because of the above referenced appeal be levied against the current petitioner, and be deducted from petitioner's distributive share of the estate. On October 11, 2016, the court entered an order approving his request. In its order, the court stated that:

> [t]he Court further finds that fees and expenses in the total amount of Sixteen Thousand Three Hundred Fifty-Six Dollars and Sixteen Cents ($16,356.16) attributable to the Administrator's resistance of the appeal of the Judgment entered November 14, 2014, and the Rule 60.01 Order entered December 2, 2014, in the case of Joel A Conkin, Administrator With Will Annexed to the Estate of Mattie L. Mettetal v. Ray W. Mettetal, Jr., M.D. and Ray W. Mettetal,

Jr., M.D., Inc., Chancery Court for Washington County, Tennessee, Civil Action No. 41871, were reasonable and necessary to preserve and recover assets rightfully belonging to the Estate of Mattie L. Mettetal, and that said fees and expenses should be charged against the distributive share of Ray W. Mettetal, Jr. M.D. of the Estate of Mattie L. Mettetal.

Petitioner argues that the doctrine of res judicata precluded the trial court from subsequently awarding attorney's fees incurred in the previous appeal specifically against petitioner's distributive share of the estate, in its October 11, 2016 order. Respondent counters that the doctrine of res judicata does not apply, because

this Court did not *deny* the Administrator's request for attorney's fees. The Court's disinclination to award attorney's fees was not a final decision on the merits; rather it was based on its belief that the issue was inadequately raised on appeal. The Court then remanded the case for proceedings in the Chancery Court below consistent with its opinion.

(Emphasis in original).

Under the doctrine of *res judicata,* a final judgment on the merits that is rendered by a court of competent jurisdiction concludes the rights of the parties and their privies, and, with respect to them, bars a subsequent action involving the same claim or cause of action. ***Richardson v. Tenn. Bd. of Dentistry***, 913 S.W.2d 446, 459 (Tenn. 1995). If a judgment on the merits is final for purposes of res judicata, it resolves all the issues in the case, leaving nothing else for the trial court to do. ***Hooker v. Haslam***, 393 S.W.3d 156, 169 (Tenn. 2012) (citing ***In re Estate of Ridley,*** 270 S.W.3d 37, 40 (Tenn. 2008)). This Court has stated that "it is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases." ***Brown v. Shappley***, 290 S.W.3d 197, 200–01 (Tenn. Ct. App. 2008); ***Madyun v. Ballard,*** 783 S.W.2d 946, 948 (Tenn. Ct. App. 1989) (quoting ***Parkes v. Clift,*** 77 Tenn. 524 (1882) (stating that "the decision may be clearly wrong, or may be against the losing party because he…failed to present his case as the facts within his knowledge, or obtainable by reasonable diligence, would have enabled him to do[]").

In this Court's December 17, 2015 opinion, which resolved the appeal of Washington County Civil Action No. 41871, we held that "we decline to award the Administrator attorney's fees and expense on appeal." Administrator's subsequent request that the trial court order petitioner to pay the fees accrued as a result of the appeal of Civil Action No. 41871 was precluded by this Court's prior holding. The trial court's granting of administrator's request, in its October 11, 2016 order, was therefore in error. That issue had already been ruled on by this Court as legally deficient, and the trial

court's decision was not consistent with our opinion. We reverse the trial court's October 11, 2016 order to the extent it directs that the attorney's fees, costs, and expenses accrued in the appeal of Civil Action No. 41871 was to be charged against the distributive share of petitioner.

However, the administrator is still "entitled to reasonable compensation for [his] services[] and to payment from the estate for reasonable expenses incurred in good faith for the exclusive and necessary benefit of the estate." *In re Estate of Sanderson*, No. W2001-01938-COA-R3CV, 2002 WL 31423847, at *5 (Tenn. Ct. App. Oct. 28, 2002); *In re Estate of Wallace,* 829 S.W.2d 696, 700–701 (Tenn.Ct.App.1992) (internal citation omitted). Therefore, we direct that the trial court is to grant administrator the fees, costs, and expenses it deems reasonable and necessary for representing and administering the estate; it is to be taken from the residuary of the estate as a whole. At the court's discretion, and pursuant to applicable law, it may also consider awarding administrator additional attorney's fees, expenses, and costs incurred in this action, if any are so requested.

## VI.

The judgment of the trial court is affirmed in part and reversed in part. Costs on appeal are taxed to the appellant, Ray W. Mettetal, Jr. This case is remanded to the trial court for further proceedings, pursuant to applicable law, consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE