**David LAMBERT, on behalf of himself and all others similarly situated, et al., Plaintiffs-Appellants,**

**David C. Howard and G. Philip Arnold, Plaintiffs-Intervenors-Appellants,**

**Hal Edward Driver and Dorothy Ann Driver, etc., et al., Applicants for Intervention-Appellants,**

v.

**Honorable Kenneth A. TURNER, Individually and in his official capacity, Defendant-Appellee.**

**No. 75–1313.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 2, 1975.

Decided Nov. 20, 1975.

William E. Caldwell, G. Phillip Arnold, Ratner, Sugarmon & Lucas, Memphis, Tenn., J. Harold Flannery, Washington, D. C., for plaintiffs-appellants.

J. Minor Tait, Jr., Shelby County Legal Dept., Memphis, Tenn., for defendant-appellee.

Before WEICK, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

The suit in the district court was brought by Lambert, a Legal Services attorney, against the Honorable Kenneth A. Turner, Judge of the Juvenile Court of Memphis, Tennessee. It was a class action in behalf of himself and all other Legal Services attorneys in the state. Jurisdiction was based on 28 U.S.C. §§ 1331(a), 1343(3), (4), and 2201, and stated claims under 42 U.S.C. §§ 1983

and 2809(a)(3) (creation of the Legal Services Program pursuant to the Economic Opportunity Act), the Supremacy Clause of the Constitution, and the First, Fifth, Sixth and Fourteenth Amendments thereto.

The complaint alleged that Juvenile Judge Turner and his staff were failing to enforce the rights of indigent defendants to counsel, were retaliating against defendants who were represented by Legal Services attorneys, were failing to provide investigative services and to have witnesses testify, and were preventing defendants from taking appeals from orders of the court.

The complaint was later amended by adding as additional parties plaintiff Brother Benedict A. Boyd, St. Thomas Center, and Boys Club. It substantially broadened the claims alleged in the original complaint. It set forth an additional class action in behalf of "all juveniles who are or may in the future be subject to proceedings in the Juvenile Court and who have been or will be aggrieved by the wrongs set forth" in the amended complaint.

These alleged wrongs were substantially the same as were set forth in the original complaint, namely, that the Judge and his staff failed to enforce the rights of indigent defendants to counsel, retaliated against defendants who are represented by Legal Services, failed to have witnesses testify, and acted to prevent appeals from orders of the court.

During the course of the proceedings the parties agreed to a consent injunction which provided:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that defendant, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise, be and they hereby are enjoined as follows:

1. Any licensed attorney employed by or associated with Memphis & Shelby County Legal Services Association shall be entitled to represent persons in delinquency proceedings before the Memphis-Shelby County Juvenile Court in the same manner, and under the same terms and conditions, as applicable to all other attorneys who are permitted to practice in Juvenile Court. In particular, the Juvenile Court will not raise questions concerning, nor make inquiries into, the eligibility of any person for representation by Memphis & Shelby County Legal Services Association, and the Juvenile Court will not require Legal Services attorneys or their clients in delinquency proceedings to disclose any information concerning the attorney-client relationship. No person who appears before the Juvenile Court in delinquency proceedings will receive any special, different or more severe treatment because of the fact that such person may be represented by a Legal Services attorney.

2. Defendant shall cause this consent injunction to be posted and maintained on all bulletin boards at the Juvenile Court facilities for a period of ninety (90) days from entry of injunction. (A. 132–33)

The District Judge declined to grant any relief other than the consent order, and dismissed all claims for further relief, and denied motions to reconsider and to intervene.

Upon entry of the consent decree on October 29, 1974 there was before the district court no extant case or controversy between the defendant and any plaintiff. The named plaintiffs did not include a single juvenile or parent of a juvenile involved in an active case before the defendant. The allegation that defendant had excluded Legal Services attorneys from representing juveniles in the court over which he presided was completely disposed of in the consent decree. The plaintiffs, as Legal Services attorneys, had no standing to sue on behalf of "future juvenile clients, or potential juvenile clients" as sought in their amended complaint. *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674

(1974). Since the jurisdictional requirement of Article III was not met, the action 'was properly dismissed. Furthermore, considerations of comity preclude a federal court from supervising the operations of a state court in the manner sought in the amended complaint. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Affirmed. Costs to the appellee.