**Wilburn Lee BURKETT, Appellant,**

v.

**Honorable R. A. ASHLEY, Jr., Attorney General of Tennessee and Wanda Daugherty Burkett, Appellees.**

Supreme Court of Tennessee.

March 22, 1976.

J. Victor Barr, Jr., James V. Barr, III, Nashville, for appellant.

William C. Koch, Jr., Asst. Atty. Gen., Nashville, for appellees.

COOPER, Justice.

## OPINION

This is an appeal from a decree of the Chancery Court of Davidson County dismissing an action for declaratory judgment.

Appellant, Wilburn Lee Burkett, filed an action against his former wife, Wanda Daugherty Burkett, and the Attorney General of the State of Tennessee seeking a declaration that the alimony statutes in effect in this state discriminate against husbands as a class and, consequently, are unconstitutional. The complaint filed contains statements to the effect that appellant was divorced by his wife and was ordered to pay alimony to her by decree entered in the Circuit Court of Davidson County on June 24, 1970. Subsequently on July 5, 1975, the circuit court denied appellant's petition for a decrease in the amount of the alimony payments. There is no allegation that appellant requested alimony be awarded him in the divorce action, or that appellant had been refused alimony as the result of the operation of Tennessee's alimony statutes.

The attorney general moved to dismiss the action on several grounds, the material one being lack of standing of appellant to bring the action. The chancellor sustained the motion and entered a decree dismissing appellant's complaint.

The declaratory judgment act provides in T.C.A. 23–1103 that:

"Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction and obtain a declaration of rights, status or other legal relations thereunder."

In order to invoke action by a court under the declaratory judgment act, the person seeking a declaratory judgment must allege facts which show he has a real, as contrasted with a theoretical, interest in the question to be decided and that he is seeking to vindicate an existing right under presently existing facts. See generally *West v. Carr*, 212 Tenn. 367, 370 S.W.2d 469 (1963), appeal dismissed 378 U.S. 557, 84 S.Ct. 1908, 12 L.Ed.2d 1034 (1964); *Cummings v. Beeler*, 189 Tenn. 151, 223 S.W.2d 913 (1949). Appellant failed to do this. As heretofore noted there is no allegation in the complaint that appellant requested alimony be awarded him in the divorce action or that he was denied alimony under circumstances which would have entitled him to alimony if he were a member of the opposite sex.

Further, having granted the decree of divorce and made the initial award of alimony to Mrs. Burkett, the Circuit Court of Davidson County retains jurisdiction of the action and has the present power to modify the alimony award or to order its cessation on application of either party, on a showing of a material change in circumstances having a bearing on the alimony issue. T.C.A. 36–820. According to his complaint, appellant sought relief from the alimony award from the circuit court and, having failed, now seeks to avoid the judgment by filing an independent suit asking

for a declaration that the alimony statutes of this state are unconstitutional. Such relief is not available to the appellant. A declaration of rights under the declaratory judgment act must be a final determination of rights and a declaration will not be given in aid of another proceeding then pending. *See Johnson City v. Caplan*, 194 Tenn. 496, 253 S.W.2d 725 (1952); *Ball v. Cooter*, 185 Tenn. 631, 207 S.W.2d 340 (1948).

Decree affirmed. Costs are adjudged against the appellant and his surety.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.