28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. COHN, Plaintiff-Appellant,
v.
Lance B. BRACY, individually and as Chief Disciplinary
Counsel; Joseph L. Mercer, III, individually and as
Assistant Disciplinary Counsel; Honorable Muriel J.
Robinson Rice; and the State of Tennessee, acting through
its Supreme Court and its Board of Professional
Responsibility, Defendants-Appellees.
 No. 93-5883.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff William A. Cohn appeals the District Court's grant of summary judgment in favor of defendants Lance B. Bracy, Joseph L. Mercer, Judge Muriel J. Robinson Rice and the State of Tennessee. Plaintiff argues that (1) he is entitled to injunctive relief against pending disciplinary proceedings and that he is entitled to an injunction to prevent Judge Robinson Rice from presiding over future cases in which plaintiff is involved, (2) plaintiff has standing to challenge the constitutionality of certain rules of professional responsibility, and that such rules violate the First Amendment, (3) there is a genuine issue of fact as to whether defendants conspired out of malice to bring attorney disciplinary proceedings against him, and finally, (4) the District Court erred by ruling on defendants' motion for summary judgment before plaintiff had completed discovery and without deeming admitted matters contained in plaintiff's request for admission. For the following reasons, we affirm.
 
 I.
 
 2
 Plaintiff, a lawyer licensed by the State of Tennessee, was divorced from his wife in 1989. Defendant Muriel J. Robinson Rice, a state court judge in Tennessee, presided over plaintiff's divorce proceedings. During the course of the divorce litigation, plaintiff filed a complaint for disciplinary action against his wife's attorney, Don L. Dowden, with the Office of the Disciplinary Counsel alleging that Dowden had unethically advised his client not to sign certain documents relating to plaintiff's purchase of a condominium. The complaint was eventually dismissed. Plaintiff also filed a complaint against Judge Robinson Rice with the Tennessee Court of the Judiciary alleging religious discrimination and judicial incompetence, and seeking the judge's recusal. The Court of the Judiciary responded in February 1989, stating that the appropriate remedy was with the state court of appeals. Joint App. at 47. In addition, plaintiff sued to enjoin his wife's father from visiting with their children. At the close of the divorce proceedings in the trial court, Judge Robinson Rice sanctioned plaintiff for filing a frivolous petition against his father-in-law. The sanction was affirmed on appeal. Cohn v. Cohn, Shelby Equity No. 4, 1990 WL 95602 (Tenn.App. July 12, 1990) (unpublished opinion).
 
 
 3
 During this same period, Judge Robinson Rice served as Chairperson of the Tennessee Child Support Guidelines Commission. The guidelines were distributed to the public and Chief Justice Frank F. Drowota of the Tennessee Supreme Court solicited comments from the bench, bar and public. Plaintiff sent a letter to Chief Justice Drowota in which he criticized Judge Robinson Rice's qualifications to serve on the Commission and included copies of an article and letter-to-the-editor from a local newspaper which were critical of Judge Robinson Rice.
 
 
 4
 In November 1988, while the divorce action was pending on appeal, plaintiff sent a letter on his law firm letterhead to his wife regarding the terms of divorce. The letter charged his wife's attorney with incompetence and indecency and urged her not to pay her attorney. The wife's attorney filed a complaint with the Board of Professional Responsibility ("the Board") regarding plaintiff's conduct in the divorce litigation. The Disciplinary Counsel for the Board filed a Petition for Discipline against plaintiff. Joint App. at 48. The petition alleged that plaintiff violated the Rules of Professional Responsibility by communicating directly with his wife, by filing a frivolous suit against his wife's father, and by writing the letter to the Child Support Guidelines Commission criticizing Judge Robinson Rice. On July 23, 1990, an amendment was filed to the Petition for Discipline clarifying the allegations relating to plaintiff's letter to Chief Justice Drowota.
 
 
 5
 On October 10, 1990, plaintiff brought this action under 42 U.S.C. Secs. 1983 & 1985(3) against defendants Lance B. Bracy, Chief Disciplinary Counsel of the Tennessee Board of Professional Responsibility, Joseph L. Mercer, III, Assistant Disciplinary Counsel of the Tennessee Board of Professional Responsibility, the Honorable Muriel J. Robinson Rice, and the State of Tennessee acting through its Board of Professional Responsibility. The complaint alleged that (1) defendants conspired to discipline plaintiff in retaliation for plaintiff's exercise of First Amendment rights, (2) defendants failed to notify plaintiff of the petition's allegation relating to plaintiff's letter to Chief Justice Drowota, in violation of due process, and (3) various rules of professional and judicial conduct violate the First Amendment. All parties eventually moved for summary judgment.
 
 
 6
 On August 13, 1992, the District Court entered an order dismissing (1) all claims for monetary damages against the State of Tennessee as barred by the Eleventh Amendment,[1] (2) all claims against Judge Robinson Rice pertaining to plaintiff's divorce action as barred by the statute of limitations, and (3) plaintiff's challenge to certain state disciplinary rules on the ground that plaintiff lacked standing to challenge their constitutionality. By order of January 14, 1993, the District Court granted partial summary judgment in defendant's favor holding that (1) plaintiff failed to state sufficient facts to support a conclusion that defendants conspired to discipline plaintiff in retaliation for plaintiff's statements about Judge Robinson Rice, and (2) plaintiff lacked standing to challenge Disciplinary Rule 8-102 (Statements Concerning Judges and Other Adjudicative Officers) because the rule was not a basis of the disciplinary petition. On May 13, 1993, the District Court granted summary judgment for defendants on the remaining claim challenging the application to plaintiff of Disciplinary Rule 7-104 (Communicating with One of Adverse Interest) on the ground of qualified immunity. Plaintiff appeals the three summary judgment orders.
 
 II.
 
 7
 Plaintiff appeals the District Court's grant of defendants' motion for summary judgment. We review a district court's grant of summary judgment de novo. Jones v. Tennessee Valley Auth., 948 F.2d 258, 261 (6th Cir.1991). Where, looking to the record as a whole, a reasonable mind could come to only one conclusion, there is no genuine issue of material fact and summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986).
 
 III. Damages
 
 8
 We first consider plaintiff's claims for damages. His claim against Judge Robinson Rice concerning her allegedly improper inquiry during plaintiff's divorce proceeding is barred by absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). Likewise, plaintiff's claim for damages against Mercer and Bracy based on the disciplinary petition filed against plaintiff is barred by absolute immunity. Ginger v. Circuit Court for Wayne County, 372 F.2d 621 (6th Cir.), cert. denied, 387 U.S. 935 (1967), confirmed in Watts v. Burkhart, 978 F.2d 269, 272 (6th Cir.1992).
 
 
 9
 The only remaining damages claim is that against Judge Robinson Rice for allegedly conspiring with the other defendants to discipline plaintiff for his letter to Chief Justice Drowota in which plaintiff criticized Judge Robinson Rice. Plaintiff has failed to allege any facts or present any evidence that Judge Robinson Rice violated plaintiff's constitutional rights. He alleges that he was not served with a complaint about the letter and concludes that Judge Robinson Rice conspired with the Disciplinary Counsel to include the allegation in the disciplinary petition without notice to plaintiff. Plaintiff points out no evidence that Judge Robinson Rice had anything to do with the allegation in the petition. Even if she did, a complaint to the Disciplinary Counsel is not a constitutional violation. We conclude, therefore, that plaintiff has failed to state a claim for damages on which relief may be granted.
 
 IV. Injunctive and Declaratory Relief
 
 10
 Plaintiff also appeals the District Court's denial of his claims for declaratory and injunctive relief. Plaintiff's complaint requested that the trial court enjoin all disciplinary proceedings against him and prohibit Judge Robinson Rice from presiding over cases in which plaintiff was a lawyer or party. Plaintiff also sought a declaratory judgment that various rules of professional conduct for lawyers and judges violate the First Amendment's guarantee of freedom of speech. These claims are not barred by defendants' immunity. See Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 736-37 (1980) (holding that prosecutorial immunity of state-court and judge in bringing disciplinary proceedings against attorneys does not bar prospective relief); Pulliam v. Allen, 466 U.S. 522, 536 (1984) (holding that judicial immunity does not bar prospective relief).
 
 
 11
 We first address plaintiff's request for an injunction against Judge Robinson Rice from presiding over any case in which plaintiff is a lawyer or party. Plaintiff has failed to demonstrate an inadequate remedy under state law for any failure of Judge Robinson Rice to refuse to recuse herself in the future should that be required. As such, principles of comity and federalism prevent us from granting the relief requested. See O'Shea v. Littleton, 414 U.S. 488, 499-504 (1974); Lambert v. Turner, 525 F.2d 1101, 1102-03 (6th Cir.1975).
 
 
 12
 As to the remaining claims for prospective relief, we are required to abstain under the doctrine of Younger v. Harris, 401 U.S. 37 (1971). Plaintiff sought an injunction against the pending disciplinary proceedings on constitutional grounds. Absent extraordinary circumstances, the doctrine of Younger abstention requires federal courts to abstain from enjoining state disciplinary proceedings against attorneys. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982); Berger v. Cuyahoga County Bar Ass'n, 983 F.2d 718 (6th Cir.), cert. denied, 113 S.Ct. 2416 (1993). In Middlesex, the Supreme Court set forth the following inquiry for the application of Younger abstention to attorney disciplinary hearings:
 
 
 13
 [F]irst, do state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.
 
 
 14
 457 U.S. at 432.
 
 
 15
 We conclude that the present case meets these criteria. The Supreme Court of Tennessee has original and exclusive jurisdiction over the licensing of attorneys. Ramsey v. Board of Professional Responsibility of the Supreme Court of Tenn., 771 S.W.2d 116, 118 (Tenn.), cert. denied, 493 U.S. 917 (1989). The Court's "authority 'to make rules governing the practice of law is traditional, inherent and statutory. Such power is indispensable to the orderly administration of justice.' " Ramsey, 771 S.W.2d at 118, (quoting Barger v. Brock, 535 S.W.2d 337, 342 (Tenn.1976)). Pursuant to this authority, the Tennessee Supreme Court promulgates rules governing the practice of law and the procedures for disciplining lawyers who violate such rules. Id. The Supreme Court appoints a Board of Professional Responsibility, which appoints a Disciplinary Counsel to investigate complaints and file petitions for discipline, and which assigns members to hearing committees to review petitions and conduct disciplinary hearings. Rule 9, Secs. 5.1 & 5.5, S.Ct. Rules of Tenn. Hearings are conducted by hearing panels consisting of three members of a hearing committee. Rule 9, Secs. 6.1 & 6.4. At such hearings, a respondent-attorney is entitled to be represented by counsel, to cross-examine witnesses and to present evidence in his favor. Rule 9, Sec. 8.2. "The hearing committee shall, in every case, submit its findings and judgment, in the form of a final decree of a trial court...." Rule 9, Sec. 8.3. "Any attorney admitted to practice law in [Tennessee] ... is subject to the disciplinary jurisdiction of the Supreme Court, the Board, the hearing committees, ... and the Circuit and Chancery Court." Rule 9, Sec. 1.1. An attorney may seek review of a hearing committee's ruling in the Chancery or Circuit Court, from which he may seek review directly in the Supreme Court of Tennessee. Rule 9, Secs. 1.3 & 8.3. At any stage of the disciplinary proceedings, the respondent may challenge the disciplinary petition on federal constitutional grounds. See, e.g., Ramsey, 771 S.W.2d at 121-22 (affirming hearing panel's ruling that attorney discipline for public remarks violated First Amendment).
 
 
 16
 Thus, we conclude, the three-part inquiry set forth in Middlesex is satisfied and Younger abstention is required provided that "there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. Plaintiff avers in his complaint that the disciplinary proceedings were initiated out of malice and revenge. The District Court held that the complaint's allegations of a retaliatory conspiracy are insufficient to withstand a motion for summary judgment. At the very least, the allegations are insufficient to establish the extraordinary circumstances under which Younger abstention is inappropriate. Cf. Berger, 983 F.2d at 724 (applying Younger abstention to attorney disciplinary proceedings in Ohio).
 
 V. Discovery
 
 17
 Finally, plaintiff argues that the District Court abused its discretion by ruling on defendants' motion for summary judgment before defendants had complied with plaintiff's discovery requests and, alternatively, that the District Court erred by failing to deem admitted matters in plaintiff's request for admission because, plaintiff argues, defendants' response to the request was untimely.
 
 
 18
 The scope of discovery is within the sound discretion of the trial court. Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989). An abuse of discretion will not be found unless the party seeking further discovery has suffered substantial prejudice. Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir.1992). A party seeking postponement of a court's ruling on a motion for summary judgment must affirmatively demonstrate why further discovery will enable him to show a genuine issue of fact for trial. See Fed.R.Civ.P. 56(f); Emmons, 874 F.2d at 356. Where a party opposing summary judgment fails to meet this burden, postponement of the court's ruling is unjustified. Id. at 356.
 
 
 19
 Defendants moved for summary judgment on November 30, 1990. Joint App. 127. Plaintiff subsequently moved for summary judgment on January 14, 1991. Joint App. 125. Plaintiff moved on February 27, 1991, for a postponement of consideration on the summary judgment motions. We believe that plaintiff's motion for summary judgment, which was filed after defendants' motion for summary judgment and which stated no need for further discovery, indicated to the trial court that sufficient discovery had been completed for the purpose of ruling on the motions. We cannot conclude that the trial court abused its discretion in ruling on the motions without extending the time for discovery.
 
 
 20
 Nor do we find any merit in plaintiff's claim that the trial court erred in failing to hold that defendants admitted by default matters contained in plaintiff's request for admission. Rule 36 of the Federal Rules of Civil Procedure provides that a matter in a request for admission is admitted unless, within 30 days after service of the request, the party to whom the request is directed responds with a written answer or objection. Fed.R.Civ.P. 36(a). Plaintiff served the request for admission on defendants on June 18, 1991. Joint App. 145. Defendants objected to the request by filing a motion for a protective order on July 15, 1991. Defendants' objection was timely and therefore no admission was made.
 
 VI.
 
 21
 For the reasons stated above, the District Court's judgment granting defendants' motion for summary judgment is AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Plaintiff does not argue this issue on appeal and has therefore abandoned his claim for damages against the State of Tennessee