**Stephen R. BODELL; Stephen R. Bodell, on behalf of Sarah J. Bodell, an infant, Plaintiffs–Appellants,**

v.

**Michael McDONALD; Margaret Jane Anderson; Bill Cunningham; Jo Ann Newsom; Robert F. Stephens; Jill Giordano; Peter Lehman; Helen Howard–Hughes, Defendants–Appellees,**

**Willard B. Paxton; Thomas D. Emberton; William L. Shadoan, Defendants.**

**No. 00–5679.**

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2001.

Before JONES, BATCHELDER, and CLAY, Circuit Judges.

## *ORDER*

Stephen R. Bodell, a pro se Kentucky resident, and Stephen R. Bodell on behalf of his infant daughter Sarah J. Bodell, (collectively "Bodell"), appeal a district court order dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, injunctive, and declaratory relief, Bodell sued former Kentucky Court of Appeals Judge Michael McDonald, Bodell's former wife Margaret Jane Anderson, Caldwell Kentucky Circuit Court Judge Bill Cunningham, Caldwell Circuit Clerk Jo Ann Newsom, former Kentucky Supreme Court Chief Justice Robert F. Stephens, attorney Jill Giordano, parole officer Peter Lehman, Kentucky Parole Board Chairman Helen Howard–

Hughes, attorney Willard B. Paxton, Kentucky Court of Appeals Judge Thomas D. Emberton, and Caldwell Circuit Judge William L. Shadoan. Bodell alleged that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments when they conspired to terminate his parental rights and prevent him from contacting his daughter as a condition of his parole. Paxton, Emberton, and Shadoan were not served. The remaining defendants filed motions to dismiss or in the alternative for summary judgment. The district court granted summary judgment to the defendants and dismissed the case.

In his timely appeal, Bodell argues that: (1) the district court erred by sua sponte dismissing the claims against Paxton, Emberton, and Shadoan because they were not served; (2) the district court improperly applied a heightened pleading standard to Bodell's § 1983 conspiracy claims; (3) the district court improperly relied on unpublished cases; (4) the dismissal of Bodell's earlier case against some of the defendants did not have a res judicata effect on this case; (5) there is no absolute bar prohibiting federal courts from granting injunctive and/or declaratory relief concerning state court proceedings; (6) Newsom, Stephens and Cunningham were not entitled to judicial immunity for non-judicial acts in the complete absence of subject matter jurisdiction; and (7) district court Judge McKinley was not impartial. He has also filed a motion requesting that Judges Norris, Suhrheinrich, and Krupansky be disqualified from this appeal.

Upon de novo review, we conclude that the defendants were entitled to summary judgment for the reasons stated by the district court. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

■ First, we agree with the district court that res judicata barred Bodell's claims against Lehman, Howard–Hughes,

and Anderson. *See J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Bodell sued Lehman, Howard–Hughes, and Anderson in 1997, alleging that they unlawfully conditioned his 1994 parole from prison upon the provision that he have no contact with his daughter and ex-wife. The district court dismissed the case in August 1999, and this court affirmed the district court's decision. *See Bodell v. Howard Hughes,* No. 99–6232, 2000 WL 875724 (6th Cir. June 20, 2000) (unpublished). In the current action, Bodell again alleged that these defendants violated his constitutional rights by imposing conditions of parole. Res judicata bars Bodell's claims because all of the required elements are present. *See Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir.1997). Accordingly, these defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

■ Second, we conclude that the district court properly granted summary judgment to Stephens, Cunningham, and Newsom on the grounds of judicial immunity. Under the doctrine of judicial immunity, a judge performing his or her judicial functions is absolutely immune from suits seeking monetary damages, *see Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Barrett v. Harrington,* 130 F.3d 246, 254 (6th Cir. 1997), and judicial employees are immune from damages for the performance of quasi-judicial duties. *See Bush v. Rauch,* 38 F.3d 842, 847–48 (6th Cir.1994). Cunningham acted only in a judicial capacity and within his jurisdiction over the termination and adoption case, as did Stephens when he responded to Bodell's attempt to seek Cunningham's recusal. Thus, neither defendant falls within the exceptions to judicial immunity. *See Mireles,* 502 U.S. at 11–12. Bodell presented no evidence that Newsom acted outside her quasi-judicial

role as court clerk. *See Barrett,* 130 F.3d at 254. Thus, these defendants cannot be held liable for damages for their roles in the adoption and termination proceeding.

■ Third, the district court properly granted summary judgment to the defendants on Bodell's claims for injunctive and declaratory relief. Bodell asked the district court to enter an order preventing Cunningham from presiding over any cases involving Bodell, and to declare the termination and adoption proceedings null and void. To the extent that Bodell was challenging the final outcome of the state court proceeding, the *Rooker–Feldman* doctrine barred Bodell's claim as an attempted appeal from the state court's decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). If the state court case is not final because of post-judgment motions, as Bodell contends, the *Younger* abstention doctrine prevents the district court from ruling because the proceeding implicates important state interests and Bodell has an adequate opportunity to raise his challenges in that setting. *See O'Shea v. Littleton,* 414 U.S. 488, 499–504, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Younger v. Harris,* 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Lambert v. Turner,* 525 F.2d 1101, 1102–03 (6th Cir.1975). Bodell presented no evidence beyond his own allegations to substantiate his claim that the state court judgment was procured through fraud and deception. *See Catz v. Chalker,* 142 F.3d 279, 294 (6th Cir.1998).

■ Fourth, we conclude that the district court properly granted summary judgment to Giordano based on the statute of limitations. Giordano represented the biological mother and the adoptive father in the termination and adoption proceeding involving Bodell's daughter. Bodell's claim against Giordano accrued at the latest on September 11, 1995, when the Caldwell County, Kentucky Circuit Court entered an order for adoption which terminated Bodell's parental rights. By that time, Bodell knew or had reason to know of Giordano's role in the proceeding. *See Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). Because Bodell filed the present complaint more than one year later, his claim against Giordano is time-barred. *See* Ky.Rev.Stat. § 413.140(1)(a); *Collard v. Kentucky Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990).

Bodell's argument that the district court improperly applied a heightened pleading standard to Bodell's § 1983 conspiracy claims is without merit. The district court did not dismiss any of Bodell's claims because they were insufficiently pleaded, but instead relied on the substantive grounds indicated above.

■ Bodell's argument that the district court judge who decided his case was biased against him is also without merit. Bodell did not allege any extrajudicial conduct on Judge McKinley's part, *see Reed v. Rhodes,* 179 F.3d 453, 468 (6th Cir.1999), nor did he identify any judicial ruling which reflected an improper antagonism. *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

We have reviewed the remainder of Bodell's arguments on appeal and conclude that they are without merit. Finally, we conclude that Bodell has not shown grounds to disqualify Judges Norris, Suhrheinrich, and Krupansky from this appeal. Accordingly, we deny Bodell's motion for judicial disqualification and affirm the district court's order for the reasons stated

by the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.