**Uthaiwan WONG–OPASI, Plaintiff–Appellant,**

v.

**Barbara N. HAYNES, Circuit Court Judge; William C. Koch, Jr., Tennessee Court of Appeals Judge, Defendants–Appellees.**

No. 00–5774.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.*

Uthaiwan Wong–Opasi, a Tennessee resident proceeding pro se, appeals the district court orders denying her request for a temporary restraining order and preliminary injunction and denying her motion to alter the judgment in this case brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 8, 2000, Wong–Opasi filed an application for a temporary restraining order or preliminary injunction naming Davidson County, Tennessee, Circuit Court Judge Barbara Haynes and Tennessee Court of Appeals Judge William C. Koch, Jr., as defendants. She alleged that the defendants violated her right to equal protection by imposing a cost bond for her state court appeal. The district court denied Wong–Opasi's application and dismissed the action without prejudice, concluding that her remedies lay with the state courts. Wong–Opasi timely filed a motion to alter the judgment. *See* Fed. R.Civ.P. 59(e). The district court denied the motion for the reasons given in the court's previous order.

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

In her timely appeal, Wong–Opasi argues that the district court erred by: (1) denying the motion and dismissing the case without holding an evidentiary hearing; and (2) concluding that Wong–Opasi had adequate state court remedies.

■ Initially, we note that the district court's order is appealable only to the extent that the district court declined to grant a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). The denial of a motion for a temporary restraining order is not appealable. *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985).

■ This court reviews a district court's judgment denying a Rule 59(e) motion for abuse of discretion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998). Abuse of discretion is also the standard of review for a judgment granting or denying injunctive relief. *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

Upon review, we affirm the district court's order for reasons other than those stated by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994). Relying principally on *Howlett v. Rose,* 496 U.S. 356, 372, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), the district court held that Wong–Opasi was not entitled to relief because she could pursue her federal civil rights claims in state court. We agree with that conclusion, but further find that Wong–Opasi's request for injunctive relief was barred by the *Younger* abstention doctrine.

■ Under the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), when state proceedings are pending, principles of federalism dictate that the consti-

tutional claims should be raised and decided in state court without interference of the federal courts. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 17, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). According to the attachments to Wong–Opasi's application for an injunction, she was permitted to proceed in forma pauperis in the state trial court but the court determined that she was not entitled to proceed as a pauper on appeal. On May 8, 2000, the Tennessee Court of Appeals held that the time for filing a motion in that court seeking leave to proceed as a pauper had expired, and ordered Wong–Opasi to file a bond for costs on appeal within ten days. Wong–Opasi filed her district court action on May 8, claiming that the state courts were violating her rights under 42 U.S.C. §§ 1983 and 1985.

Wong–Opasi's application for an injunction met the three requirements for *Younger* abstention. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir.1995). First, the state judicial proceeding was ongoing when Wong–Opasi filed her action in district court. Second, Tennessee has an important interest in administering its judicial procedures concerning appeal bonds. *See Pennzoil Co.,* 481 U.S. at 12–14. Third, Wong–Opasi failed to show that she lacked an adequate opportunity in the state proceeding to raise her constitutional challenges. *See O'Shea v. Littleton,* 414 U.S. 488, 499–504, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Lambert v. Turner,* 525 F.2d 1101, 1102–03 (6th Cir.1975).

Wong–Opasi's argument that the district court should have held an evidentiary hearing is without merit. The state court documents that Wong–Opasi filed in the record doomed her application for an injunction under the *Younger* doctrine. An

evidentiary hearing could not have changed the outcome.

■ Wong–Opasi's argument that the district court erred by concluding that she had adequate state court remedies is also without merit. Wong–Opasi bases her argument on the fact that review by the Tennessee Supreme Court is discretionary. "[W]hen a litigant has not attempted to present [her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil,* 481 U.S. at 15; *see also O'Shea,* 414 U.S. at 499–504. Wong–Opasi presented no authority to show that review by the Tennessee Supreme Court was unavailable, and thus failed to carry her burden of demonstrating that her remedy under state law was inadequate.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.