IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 17, 2015 Session

## CONNIE REGULI, ET AL. v. SHARON GUFFEE, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 43198      Joseph A. Woodruff, Chancellor**
_____

**No. M2015-00188-COA-R3-CV – Filed October 28, 2016**
_____

An attorney, representing herself, filed suit against a juvenile court judge and clerk after she was prevented from accessing recordings of juvenile court proceedings to which she claimed she was entitled under state law. She sought a writ of mandamus and a judgment declaring the juvenile court local rule, under which the judge denied her requests, invalid. The attorney amended her complaint, joining four clients that she had previously represented before the juvenile court. The judge and clerk then filed a motion to dismiss, which the chancery court granted. We conclude, as did the chancery court, that two of the plaintiffs lacked standing and that state law does not entitle plaintiffs to the recordings. Therefore, we affirm the chancery court's dismissal of the amended complaint.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Connie Reguli, Brentwood, Tennessee, for the appellants, Connie Reguli, Elizabeth Harris, Roy Leon Matlock, Jr., Michael Nalepka, and Debra McLauren.

Lisa M. Carson, Franklin, Tennessee, for the appellees, Sharon Guffee, and Brenda Hyden.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Connie Reguli is an attorney licensed to practice law in the State of Tennessee. Specifically, she practices family law in Middle Tennessee and has represented clients on matters in the Juvenile Court of Williamson County. On May 27, 2014,

Ms. Reguli, representing herself, filed a complaint with the Chancery Court of Williamson County.  She named Juvenile Court Clerk, Brenda Hyden ("Clerk Hyden"), and Juvenile Court Judge, the Honorable Sharon E. Guffee ("Judge Guffee") (collectively "Defendants"), as defendants.

The complaint alleged Defendants wrongfully withheld video recordings of juvenile court proceedings from Ms. Reguli and several of her clients in the past and might do so again in the future.  According to the complaint, Judge Guffee denied Ms. Reguli's request for such recordings under Rule 8 of the Local Rules of Practice for Williamson County Juvenile Court.  Local Rule 8 states:

> All proceedings shall be recorded by the Juvenile Court Clerk. Audio/video recordings will be maintained by the Court for a period of one (1) year.  In the discretion of the Court, copies of audio recordings may be released to attorneys of record or court reporters.  Any such party who desires to obtain a copy of a recording shall submit a written request to the Court, setting forth the reasons supporting the party's need to review the recording.

Despite Local Rule 8, Ms. Reguli claimed she was entitled to the recordings under Tennessee Code Annotated § 37-1-153(a) (2014), which provides:

> Except in cases arising under § 37-1-146, all files and records of the court in a proceeding under this part are open to inspection only by:
>
> (1) The judge, officers and professional staff of the court;
>
> (2) The parties to the proceeding and their counsel and representatives;
>
> (3) A public or private agency or institution providing supervision or having custody of the child under order of the court;
>
> (4) A court and its probation and other officials or professional staff and the attorney for the defendant for use in preparing a presentence report in a criminal case in which the defendant is convicted and who prior thereto had been a party to the proceeding in juvenile court; and
>
> (5) With permission of the court, any other person or agency or institution having a legitimate interest in the proceeding or in the work of the court.

Ms. Reguli sought relief under Tennessee's Declaratory Judgment Act, requesting both a declaration that section 37-1-153(a) entitled her and her clients to the recordings and that Local Rule 8 is invalid as contrary to state law.  She also sought a writ of mandamus

2

against Defendants, ordering them to produce the video recordings. Defendants filed an answer and also moved to dismiss, arguing Ms. Reguli lacked standing, that the matter was discretionary and not properly the subject of a writ of mandamus, and that the complaint did not establish the existence of a proper case or controversy.

Ms. Reguli filed an amended complaint on August 28, 2014, naming four additional plaintiffs (collectively "Plaintiffs"), all of whom Ms. Reguli represented in proceedings before the juvenile court. The amended complaint asserted that all four are parents who continue to have minor children potentially subject to the jurisdiction of the Williamson County Juvenile Court.

First, the amended complaint joined Betty Harris, the mother of a minor child who was involved with the juvenile court system. As a result of the juvenile court proceedings, the child's guardian ad litem purportedly initiated a dependency and neglect proceeding against Ms. Harris, alleging she was incompetent to make medical decisions for her son. Though Ms. Reguli did not yet represent her at the time, Plaintiffs claim Ms. Harris personally requested copies of the video recordings of the proceedings involving her son, but Judge Guffee denied her request.

Next, the amended complaint listed Roy Matlock, who was represented by Ms. Reguli. Mr. Matlock allegedly had two children before the juvenile court on unruly and delinquent charges at the time of filing. However, neither Ms. Reguli nor Mr. Matlock requested video recordings from Judge Guffee "since he is also represented by Ms. Reguli who has been told repeatedly the Juvenile Court videos will not be provided."

Finally, the amended complaint added Debra McLauren and Michael Nalepka as plaintiffs. Ms. Reguli allegedly represented Ms. McLauren and Mr. Nalepka in dependency and neglect proceedings related to their two minor children, and one of the proceedings was still pending before the juvenile court at the time of filing. According to the amended complaint, Ms. Reguli requested video recordings of the proceedings, and when Judge Guffee denied her, she renewed the request and was denied a second time.

On September 25, 2014, Defendants answered and filed a motion to dismiss the amended complaint. The chancery court granted the motion to dismiss. In dismissing the case, the court found that Ms. Reguli lacked standing, that Mr. Matlock failed to establish a case or controversy, and that Local Rule 8 did not violate Tennessee Code Annotated § 37-1-153. Regarding the declaratory judgment action, the court also found that Judge Guffee was entitled to judicial immunity and Clerk Hyden was entitled to quasi-judicial immunity. In addition, the court found that issuing a writ of mandamus was not appropriate because adequate alternative means of relief were available to the plaintiffs. Plaintiffs filed a timely appeal to this Court.

3

## II. ANALYSIS

A Rule 12.02(6) motion to dismiss "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Therefore, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.* In considering a 12.02(6) motion, courts must "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). Making such a determination presents a question of law, and our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Id.*

### A. STANDING

In dismissing the case, the chancery court found that Ms. Reguli lacked standing and that Mr. Matlock failed to establish a case or controversy. So, at the outset, we consider whether Ms. Reguli and Mr. Matlock had standing to bring their claims for declaratory judgment and writ of mandamus. Standing is a threshold requirement for actions seeking declaratory relief as well as those for writs of mandamus. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008) (noting the "justiciability doctrines of standing, ripeness, mootness, and political question continue as viable defenses" to declaratory judgment actions); *Sachs v. Shelby Cty. Election Comm'n*, 525 S.W.2d 672, 674 (Tenn. 1975) (finding plaintiff lacked standing to bring an action for writ of mandamus). A defendant may raise lack of standing as a defense in a 12.02(6) motion to dismiss. *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976).

In deciding an issue of standing, a judge-made doctrine, we "may and properly should refuse to entertain an action at the instance of one whose rights have not been invaded or infringed." *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001) (quoting 59 Am. Jur. 2d *Parties* § 30 (1987)). Three elements are required to establish constitutional standing, which is at issue in this case: (1) the party bringing the claim must suffer a distinct and palpable injury; (2) there must be a causal connection between the alleged injury and the conduct challenged; and (3) the injury must be redressable through a favorable decision of the court. *City of Memphis v. Hargett*, 414 S.W.3d 88, 98 (Tenn. 2013) "Although a plaintiff in a declaratory judgment action need not show a present injury, an actual 'case' or 'controversy' is still required." *Colonial Pipeline Co.*, 263 S.W.3d at 837-38 (citing *Cardinal Chem. Co. v. Morton Int'l,* 508 U.S. 83, 95 (1993)). In other words, "a plaintiff seeking a declaratory judgment 'must allege facts which show he has a real, as contrasted with a theoretical, interest in the question to be decided and that he is seeking to vindicate an

existing right under presently existing facts.'" *Johnston v. Swing*, No. M2012-01760-COA-R3-CV, 2013 WL 3941026, at *5 (Tenn. Ct. App. July 26, 2013) (quoting *Burkett v. Ashley,* 535 S.W.2d 332, 333 (Tenn. 1976)).

The chancery court found Ms. Reguli did not have a sufficient personal stake or interest in the outcome of the litigation to confer standing. We agree. In her amended complaint, Ms. Reguli claimed the recordings "are necessary and material to Reguli's protection of the interests of her client and her client's children." However, she did not allege any personal interest in the outcome of this lawsuit. On appeal, Ms. Reguli argues that she, as an attorney who requested video recordings of court proceedings, has standing because Tennessee Code Annotated § 37-1-153(a)(2) allows inspection of files and records by "parties to the proceeding and their counsel and representatives." We do not find this argument persuasive. Although the statute permits inspection by counsel, such permission is granted to a party's attorney in representative capacity only. Thus, Ms. Reguli failed to show, or even allege, that she is "seeking to vindicate an existing right." *See Johnston*, 2013 WL 3941026, at *6 (finding attorney lacked standing to challenge Parks and Recreation Board rule, which prohibited him from speaking on behalf of clients during meetings).[1]

The chancery court also found Mr. Matlock did not suffer a concrete injury, or otherwise show an actual case or controversy. Again, we must agree. The amended complaint includes no allegation that Mr. Matlock requested video recordings from Defendants. In fact, Plaintiffs admit in the amended complaint that no such request was made by Mr. Matlock or on his behalf. We conclude Mr. Matlock has not shown that he is "seeking to vindicate an existing right under presently existing facts." *See Burkett*, 535 S.W.2d at 333 (finding plaintiff lacked standing to seek a declaratory judgment regarding the constitutionality of alimony statutes in absence of an allegation that he requested alimony).

## B. CLAIMS FOR DECLARATORY RELIEF AND WRIT OF MANDAMUS

Next, we consider the claims of the remaining Plaintiffs—Ms. Harris, Ms. McLauren, and Mr. Nalepka. As stated above, the amended complaint sought a writ of mandamus, a declaration that Tennessee Code Annotated § 37-1-153(a) entitles Plaintiffs to recordings of juvenile court proceedings and a declaration that Local Rule 8, which gives the juvenile court

---

[1] The chancery court also found that Ms. Reguli did not meet the requirements for third-party standing. Though Plaintiffs do not address this issue in their brief, we agree with the chancery court's finding. The attorney-client relationship in this case is not sufficient for the purposes of third-party standing. *See Lambert v. Turner*, 525 F.2d 1101, 1102 (6th Cir. 1975) (holding legal services attorneys lacked standing to seek an injunction against juvenile judge on behalf of future or potential clients); *cf. Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623 n.3 (1989) (granting law firm third-party standing to challenge, on existing client's behalf, a drug forfeiture statute where the firm had a direct stake in $170,000 of client's forfeited assets).

judge discretion to release such recordings, is invalid. But before we reach the statutory interpretation issue, this case presents a question as to how a party with standing can properly challenge a local rule.

The Tennessee Supreme Court is vested with the authority to prescribe rules governing the practice and procedure in all of the courts of this state. Tenn. Code Ann. § 16-3-402 (2009); *State v. Best*, 614 S.W.2d 791, 793 (Tenn. 1981). "Each of the other courts of this state may adopt additional or supplementary rules of practice and procedure not inconsistent with or in conflict with the rules prescribed by the supreme court." Tenn.Code Ann. § 16-3-407 (2009). Additionally, Tennessee Code Annotated § 16-2-511 and Rule 18 of the Rules of the Supreme Court authorize trial courts to adopt local rules. Tenn. Code Ann. § 16-2-511 (2009) ("Uniform rules of practice may be promulgated in each district by the judges of the district. The rules shall be consistent with the statutory law, the rules of the supreme court and the rules of criminal and civil procedure."); Tenn. R. Sup.Ct. 18 ("Each judicial district may also adopt other uniform rules not inconsistent with the statutory law, the Rules of the Supreme Court, the Rules of Appellate Procedure, the Rules of Civil Procedure, the Rules of Criminal Procedure, the Rules of Juvenile Procedure, and the Rules of Evidence."). "[L]ocal trial courts are empowered to enact and enforce local rules as long as those rules do not conflict with general law." *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 35 (Tenn. 2007); *see also World Granite Co. v. Morris Bros.*, 222 S.W. 527, 528 (Tenn. 1920) (striking down a local rule, which deprived defendant of the right to a jury trial under conditions that afforded him such right under applicable statute).

First, Tennessee appellate courts have, on a number of occasions, considered the validity of local rules in the context of existing litigation. *See, e.g.*, *Smalling v. Smalling*, No. E2013-01393-COA-R10-CV, 2014 WL 285682, at \*3 (Tenn. Ct. App. Jan. 24, 2014) (holding a chancery court local rule invalid because it conflicted with an applicable statute); *Brown v. Daly*, 884 S.W.2d 123-24 (Tenn. Ct. App. 1994) (finding a local rule null and void to the extent it conflicted with the Tennessee Rules of Civil Procedure). That is to say, parties negatively impacted by a local rule may raise the validity of the trial court's local rule as an issue on appeal. In this case, however, Plaintiffs do not challenge Local Rule 8 in the context of existing litigation but in a separate action brought against the juvenile court judge and clerk.

This Court has previously held that a declaratory judgment action may also be an appropriate method of challenging a local rule. *See Memphis Bonding Co., Inc. v. Criminal Court of Tenn. 30th Dist.*, 490 S.W.3d 458, 463 (Tenn. Ct. App. 2015). The Tennessee Declaratory Judgment Act grants courts of record the power to declare rights, status, and other legal relations. Tenn. Code Ann. § 29-14-102 (2012). "The Act also conveys the power to construe or determine the validity of any written instrument, statute, ordinance, contract, or franchise, provided that the case is within the court's jurisdiction." *Colonial*

*Pipeline Co.*, 263 S.W.3d at 837 (citing Tenn. Code Ann. § 29-14-103).[2] It provides that any person whose rights are affected by a statute "may have determined any question of construction or validity arising under the . . . statute." Tenn. Code Ann. § 29-14-103.

We note that, in seeking declaratory relief, the better practice would have been to name the Williamson County Juvenile Court as a defendant. *See Memphis Bonding Co., Inc.*, 490 S.W.3d at 463 (favorably citing *Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4, 11 (1st Cir. 2000); *Maynard v. U.S. Dist. Court for Cent. Dist. of California*, 915 F.2d 1581 (Table) (9th Cir. 1990)) (considering challenge to a local rule where Shelby County Criminal Court and ten of its judges were named as defendants). However, our research reveals no such requirement under applicable law. Neither do we find Plaintiffs' decision to name Judge Guffee and Clerk Hyden fatal. Although the chancery court based its dismissal of the declaratory judgment action, in part, upon the doctrines of judicial immunity and quasi-judicial immunity, we do not find a basis in our case law for applying the doctrine to shield Defendants from challenges to local rules.[3]

Alternatively, rather than challenging the local rule directly, a plaintiff with standing may seek a writ of mandamus from a superior court in certain circumstances. Tennessee Code Annotated § 29-25-101 grants the authority to chancellors to issue writs of mandamus. Tenn. Code Ann. § 29-25-101 (2012) ("Circuit judges and chancellors have power to issue writs of mandamus, upon petition or bill, supported by affidavit."). Mandamus "is a civil action and it grants a higher court supervisory authority to command an inferior court, tribunal, board, corporation or person to perform a particular duty required by law." 52 Am. Jur. 2d *Mandamus* § 1. Our supreme court has described a writ of mandamus as "an extraordinary remedy, whose purpose is to exert the revisory appellate power over the inferior courts where there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled." *Meighan v. U.S. Sprint Commc'ns Co.*, 942 S.W.2d 476, 479 (Tenn. 1997). So, as is alleged here, where a judge acting in accordance with a local rule

[2] Though neither the chancery court nor the parties addressed the issue, we note that the chancery court did have jurisdiction to consider the validity of the local rule. *See Harvey v. LaDuke*, No. E2005-00533-COA-R3-CV, 2006 WL 694640, at *2 (Tenn. Ct. App. Mar. 20, 2006) (considering the validity of a local rule of general sessions court in the context of an appeal from a circuit court suit for mandamus, certiorari, and declaratory judgment). *But cf. Memphis Bonding Co., Inc.*, 490 S.W.3d at 464 ("[T]he *chancery* court does not have subject matter jurisdiction to entertain an action for declaratory or injunctive relief regarding the validity of local rules of the *criminal* court.").

[3] In addition, in seeking a writ of mandamus, Plaintiffs were required to name the trial court judge upon whom they sought writ to issue. *See Meighan v. U.S. Sprint Commc'ns Co.*, 942 S.W.2d 476, 479 (Tenn. 1997) (citing *State v. Thompson*, 102 S.W. 349, 351 (Tenn. 1907)) (declining to dismiss petition for writ of mandamus because of the technical defects). We also note that Judge Guffee is the sole judge on the Williamson County Juvenile Court and, as the amended complaint alleged, the author of Local Rule 8. Her participation in this litigation was likely inevitable.

nevertheless acts in clear violation of a statute, a plaintiff with standing may seek a writ of mandamus from a superior court ordering the lower court to comply with the statute.[4]

Thus, the two methods at issue— requests for declaratory and mandamus relief—were proper ways for Plaintiffs to challenge Judge Guffee's refusal to release the requested recordings, but for either form of relief to be appropriate, the local rule must in fact conflict with the statute. In other words, because the interpretation of the potentially conflicting "general law" is at issue, a determination that Tennessee Code Annotated § 37-1-153 grants Plaintiffs the right to obtain recordings of juvenile court proceedings is necessary for either of Plaintiffs' claims to survive Defendants' motion to dismiss.

In dismissing the complaint, the chancery court relied on a previous interpretation of section 37-1-153 by the Tennessee Court of Criminal Appeals[5] and found that Local Rule 8 does not conflict with the statute.[6] We conclude, as did the chancery court, that Tennessee Code Annotated § 37-1-153 does not entitle Plaintiffs to the requested recordings of juvenile court proceedings.

"Every application of a text to particular circumstances entails interpretation." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 53 (2012) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L. Ed 60 (1803)). Statutory interpretation is a question of law, which we review de novo. *Wallace v. State*, 121 S.W.3d 652, 656 (Tenn. 2003). When interpreting statutory provisions, our goal is to "ascertain and effectuate the legislature's intent." *Kite v. Kite*, 22 S.W.3d 803, 805 (Tenn. 1997). When a statute's language is unambiguous, we derive legislative intent from the statute's plain

---

[4] In our view, the chancery court is a "superior court," in this context, capable of issuing a writ of mandamus against a juvenile court. *Stambaugh v. Price*, 532 S.W.2d 929, 932 (Tenn. 1976) ("We note certain attributes of a juvenile court which, in our view, show that it is not 'of equal dignity with circuit or chancery courts.'"). *But see In re Brody S.*, No. M2015-01586-COA-R3-JV, 2016 WL 3096203, at *3 (Tenn. Ct. App. May 24, 2016) ("With respect to matters of dependent and neglected children . . . the juvenile court is not an inferior tribunal relative to the chancery court.").

[5] The chancery court relied on *Berry v. State*, in which the Court of Criminal Appeals concluded that the right of inspection under section 37-1-153(a) extends only to "petitions and orders" and no other documents within the file. 366 S.W.3d 160, 179 (Tenn. Crim. App. 2011) (citing Tenn. Code Ann. § 37-1-153(c)).

[6] The chancery court found, as an additional basis for dismissal, that issuing a writ of mandamus was not appropriate because adequate alternative means of relief were available to Plaintiffs. Specifically, the order states, "Plaintiff Reguli's clients in the underlying proceedings could have appealed Judge Guffee's decision to Circuit Court after a final order was entered, or perhaps could have filed a petition for writ of certiorari to have these issues addressed." In their brief, Plaintiffs argue that appealing the issue to the circuit court does not provide them with an adequate alternative remedy because de novo review limits the circuit court to consideration of the case's merits. However, our resolution of this appeal renders consideration of this additional issue unnecessary.

language. *Carson Creek Vacation Resorts, Inc. v. Dep't of Rev.*, 865 S.W.2d 1, 2 (Tenn. 1993). However, when a statute's language is subject to several interpretations, we also consider the broader statutory scheme, the statute's general purpose, and other sources to ascertain legislative intent. *Wachovia Bank of N.C., N.A. v. Johnson*, 26 S.W.3d 621, 624 (Tenn. Ct. App. 2000).

As stated above, Tennessee Code Annotated § 37-1-153(a) permits "all files and records of the court in a proceeding under this part" to be inspected by the parties. Tenn. Code Ann. § 37-1-153(a). When read on its own, subsection (a) admittedly appears to entitle Plaintiffs to inspect the requested recordings of court proceedings, but subsection (a) must be read in conjunction with subsection (c). *See Hill v. City of Germantown*, 31 S.W.3d 234, 238 (Tenn. 2000) (citing *Erwin v. Rose*, 980 S.W.2d 203, 206 (Tenn. Ct. App. 1998) (explaining two relevant subsections of the statute at issue should be read together)). Subsection (c) provides:

> (c) Notwithstanding the provisions of this section, if a court file or record contains *any documents other than petitions and orders*, including, but not limited to, a medical report, psychological evaluation or any other document, such document or record shall remain confidential.

Tenn. Code Ann. § 37-1-153(c) (emphasis added).

To find that Plaintiffs were entitled to recordings of juvenile court proceedings would not be supported by the plain language of subsection (c). Although subsection (a) permits inspection of "files and records," the language of subsection (c) specifies that, besides "petitions and orders," any other "document or record" is excluded. *See State v. Odom*, 928 S.W.2d 18, 29 (Tenn. 1996) ("In construing a statute the Court must give effect to every word, phrase, clause, and sentence of the act to achieve the legislature's intent."); *Reading Law*, 132 (stating the use of the term "include" does "not ordinarily introduce an exhaustive list). Further, the language of the statute as a whole makes clear that, except under certain limited circumstances, the legislature intended for juvenile court files and records to be kept confidential. *See* Tenn. Code Ann. § 37-1-153(a) to (d); *see also Berry v. State*, 366 S.W.3d at 177-78 ("The unambiguous language of the statutes establishes that juvenile court records are to remain confidential except under certain limited circumstances."). This intent is consistent with the express statutory purpose of providing for the protection of children coming within the juvenile court's jurisdiction. Tenn. Code Ann. § 37-1-101(a)(1) (2014).

Therefore, Judge Guffee's decision, relying on Local Rule 8, not to release the recordings did not violate Tennessee Code Annotated § 37-1-153. As such, the chancery court properly dismissed the claims of Ms. Harris, Ms. McLauren, and Mr. Nalepka for declaratory and mandamus relief.

### III. CONCLUSION

For the foregoing reasons, we affirm the chancery court's dismissal of Plaintiffs' complaint.

_____
W. NEAL MCBRAYER, JUDGE